Texas & Pacific Railway Company v. Vic Bloom.

No. 7243.

1. **Case Adhered to.**—Railway v. Johnson, 76 Texas, 421, adhered to, touching liability of railway company for negligent injury inflicted upon a passenger while the railway was operated by a receiver.

2. **Removal of Causes to United States Courts—Practice.**—The petition for removal of a cause from the State to the United States court should be presented to the State court and the opportunity given to that court to act. Presentation to the clerk of the court, or to the judge out of term time, is not sufficient.

3. **Petition and Bond for Removal.**—Petition for removal, with bond, was filed in the State court before the defendant was required to answer, and before answer. At a subsequent day of the term, before any other action was had in the case, answer in the interval having been filed, the application was called to the attention of the court. Such presenting, etc., was a compliance with the law requiring that the petition, etc., be presented before filing answer.

4. **Insufficient Allegations for Removal.**—Plaintiff sued Brown as receiver and the appellant for damages for injuries suffered from negligence of operatives of the road while operated by the receiver. The residence of Brown was alleged in the petition to be in Dallas County, Texas. An application by Brown to remove the case to the United States Circuit Court on grounds of his residence, alleged to be in Tennessee, was insufficient. His residence in Texas at the time of the injury was not negatived.

5. **Ground for Removal by Texas & Pacific Railway Company.** The alleged cause of action was personal injury to plaintiff from negligence by operatives of the road while in hands of the receiver. It was alleged in the petition that the receiver had been discharged before suit. The railway company filed its separate application for removal of the cause to the United States Circuit Court, regular in form. *Held:*

1. Whatever liability there was on Brown was official, and ended with his discharge as receiver.

2. No ground for personal action against Brown having been alleged, the right of the appellant railway company, a corporation organized under an act of Congress, to remove the cause could not be affected by the fact that Brown had been made a party, or that he had not joined in the application, or had made an imperfect application in his own behalf for removal.

3. The refusal to grant the motion for removal was error, and ground for reversal.

Appeal from Lamar. Tried below before Hon. E. D. McClellan.

*R. C. Foster* and *A. E. Wilkenson*, for appellant. — 1. On liability of the railway company for damages which accrued while the road was operated by a receiver: Brown v. Brown, 71 Texas, 355; Dillingham v. Russell, 73 Texas, 50; Ryan v. Hays, 62 Texas, 47; Hicks v. Railway, 62 Texas, 40; Edwards v. Norton, 55 Texas, 409; Trust Co. v. Railway, 7 Fed. Rep., 537; Davis v. Duncan, 19 Fed. Rep., 477; Railway v. Davis, 62 Miss., 272; Godfrey v. Railway, 37 Am. and Eng. Ry. Cases, 10.

Liabilities incurred by receivers of railways: G. W. McCrary in Am. Law Rev., Nov. and Dec., 1883, pp. 847, 848; Barton v. Barbour, 104 U. S., 136; Wiswall v. Sampson, 14 How., 52; Williams v. Gibbes, 17 How., 254; Gelston v. Hoyt, 3 Wheat., 312; Railway v. Vinet, 10 Sup. Ct. Rep., 155; Freeman v. Howe, 24 How., 450; Taylor v. Carryl, 20 How., 583; Sutherland v. Ship Can. Co., 1 Cent. Law Jour., 127; Skinner v. Maxwell, 68 N. C., 400; High on Rec., sec. 141.

2. The court erred in overruling the applications of this defendant and of its codefendant John C. Brown, to remove this cause into the Circuit Court of the United States, and in proceeding further in said cause after the filing of the petitions and bonds of said defendants for such removal. Act Cong. March 3, 1887, amending Removal Act of 1875.

As to right of Texas & Pacific Railway Company to remove: Pac. Ry. Rem. Cases, 115 U. S., 1.

As to right of receiver to remove if a citizen of another State: Davies v. Lathrop, 12 Fed. Rep., 353; Coal Co. v. Blatchford, 11 Wall., 172; Rice v. Houston, 13 Wall., 66; Knapp v. Railway, 20 Wall., 124; Farlow v. Lea, C. L. B., 329; Fields' Fed. Ct., 119; Foster's Jud. Acts, 11.

The controversy was separable: Beutel v. Railway, 12 Fed. Rep., 50; Nelson v. Hennessey, 33 Fed. Rep., 113; Vinal v. Const. Co., 34 Fed. Rep., 228; City of Galesburg v. Water Co., 27 Fed. Rep., 321; Judah v. Wire Co., 32 Fed. Rep., 571.

*Dudley & Moore,* for appellee. — 1. The appellee having brought her suit against both the receiver and the railway company for damages for injuries received on account of the negligence of both, there is no separable controversy, and the cause was not removable. Pirie v. Tvedt, 115 U. S., 41; Hax v. Caspar, 31 Fed. Rep., 499; Little v. Stiles, 118 U. S., 596; Mining Co. v. Canal Co., 118 U. S., 264.

2. Under the act of Congress of March 3, 1887, all the defendants must join in the petition to remove. Acts of Cong. 1886, 1887, sec. 2, p. 553; Tel. Co. v. Brown, 32 Fed. Rep., 337; Dill. on Rem. of Causes, 5 ed., 95.

3. Under the said act of Congress of March 3, 1887, a receiver is subject to the laws of the State where the property is situated, and may be sued with reference to his acts in any court in the said State having jurisdiction; and under the laws of Texas a receiver of property within the State of Texas has to be a citizen thereof, and a suit against a receiver of a railway company may be brought in any county through or into which the road is constructed. Acts of Cong. 1886, 1887, secs. 2, 3, p. 554; Acts 20th Leg., pp. 120, 121.

4. This case was not removable on the ground of its being against a Federal corporation, because a Federal corporation was not the sole defendant, and the receiver did not ask a removal on that ground, nor did he join with the corporation in its application for removal. Brown v.

Gay, 76 Texas, 444; Act Cong., supra; Hazard v. Durant, 9 R. I., 602–609; Mayor v. Steamboat Co., 21 Fed. Rep., 593; Dill. on Rem. of Causes, 4 ed., ch. 8, sec. 31a; Desty's Fed. Proc., p. 874; Stone v. South Carolina, 117 U. S., 430.

5. Under the Act of March 3, 1887, the defendant or defendants are required to file petition and bond at the time, or at any time before, they are required by the laws of the State or the rules of the court to answer or plead. The language used in this act is the same as is used in the twelfth section of the Judiciary Act (Rev. Stats. U. S., sec. 639), under which the courts uniformly held that if the defendant demurred or answered he waived his right to removal. Amy v. Manning, 10 N. E. Rep., 737; Wolf v. Chisholm, 30 Fed. Rep., 881; Dwyer v. Peshall, 32 Fed. Rep., 497; West v. Aurora City, 6 Wall., 139; Sweeny v. Coffin, 1 Dill., 73; Webster v. Crothers, 1 Dill., 301; Johnson v. Morrell, 1 Woolw., 390; McBranty v. Usher, 1 Dill., 367; Savings Bank v. Benton, Metc. (Ky.), 240; Dill. on Rem. of Causes, sec. 13; Railway v. Railway, 29 Fed. Rep., 337; Dill. on Rem. of Causes, 4 ed., ch. 15, sec. 58.

6. This case was not removable on the ground of its being a Federal corporation. Bixy v. Crouse, 8 Blatch., 73; New York v. Steamboat Co., 21 Fed. Rep., 593; Dill. on Rem. of Causes, 5 ed., sec. 80; Fletcher v. Hamlet, 116 U. S., 408.

7. The defendant, by filing his answer, waived his right to remove. Railway v. Doughtry, 138 U. S , 298; Dill. on Rem. of Causes, 5 ed., sec. 108.

8. The filing of the petition and bond for removal without presenting same to the court did not oust the State court of jurisdiction. The State court had a right to act on them. Shedd v. Fuller, 36 Fed. Rep., 609; Roberts v. Railway, 45 Fed. Rep., 433; Benefit Assn. v. Williams, 47 Fed. Rep., 533.

GARRETT, PRESIDING JUDGE, *Section B.*—This suit was brought in the District Court of Lamar County, January 2, 1889, against both the Texas & Pacific Railway Company and John C. Brown as the receiver of said company, to recover damages for personal injuries received by the plaintiff on August 27, 1888, in the wreck of a train on a branch of the defendant company's railroad near Paris. Plaintiff was a passenger on the train.

Her petition alleged, that at the time of the injuries the road of said company was being operated by said Brown as receiver, appointed by the United States Circuit Court of the Eastern District of Louisiana. That the receiver was discharged October 31, 1888, but at the time plaintiff was injured he was operating the road for the exclusive benefit of said railway company; that by the order discharging the receiver he was directed to turn over to the company all its property and effects in his

hands, and that they were so turned over, to be received and held by the company, subject to all claims against the receiver which might be presented or on which suit might be commenced by February, 1889. A copy of this order was attached as an exhibit and made a part of the petition. Plaintiff alleged negligence, consisting in defective track and fast running, as the cause of the wreck, and laid her damages at $25,000.

On April 5, 1889, both the defendants filed, together with their answers, applications for removal of the cause to the United States Circuit Court—the defendant company on the ground of being a Federal corporation, having a defense arising under the laws of the United States by which it was incorporated, and the receiver on the ground of being a citizen of Tennessee, the plaintiff being a citizen of Texas.

The applications for removal were overruled on April 18, 1889, and defendants excepted thereto.

The answer of the Texas & Pacific Railway Company was by general and special demurrers, general denial, and plea of contributory negligence on the part of plaintiff, in standing on the platform while the train was in motion, in violation of the rules for government of passengers, notice of which was posted on the door of car. Also, that the road was then being operated by the receiver, and that defendant was discharged from liability for claims against its property growing out of the operation of the road by the receiver by the terms of the order of the United States Circuit Court under which it received back said property.

Plaintiff replied to this answer by a supplemental petition, filed October 16, 1889, containing a general demurrer, and a plea alleging the death of John C. Brown, defendant, since the institution of the suit, and the absence of any bondsman or personal representative in the State; and the betterments of defendant's property made by the receiver out of the current earnings of the road while it was in his control, whereby it was alleged that plaintiff's claim became a charge upon said property in the hands of defendant company.

Defendant company replied to this plea, on the same day, by a supplemental answer in the nature of a general demurrer.

October 17, 1889, both parties suggested the death of John C. Brown, and on the same day the demurrers of defendant company to plaintiff's original and supplemental petitions were overruled, and exceptions reserved by defendant.

Thereupon the case was tried by a jury, and resulted in a verdict and judgment in favor of plaintiff against defendant company for $6000 and costs of suit, on October 17, 1889, the case being discontinued as to defendant Brown on the suggestion of his death.

Motion for a new trial was filed and overruled, and the case is properly before the Supreme Court on appeal.

The question of the liability of the railway company for the injuries

sustained by the appellee while its road was in the hands of the receiver has been decided adversely to the appellant in the case of Texas & Pacific Railway Company v. Johnson, 76 Texas, 421, which has been followed since in several cases.    But it is due counsel for appellant to say, that the decision in Railway v. Johnson had not been announced when their brief in this case was prepared.

Appellant's second assignment of error is, that "the court erred in overruling the applications of this defendant and of its codefendant John C. Brown, to remove this cause into the Circuit Court of the United States, and in proceeding further in said cause after the filing of the petitions and bonds of said defendants for such removal."

Both petitions for removal contain the averment mutatis mutandis: "Your petitioner now, before the time when it is required by the laws of this State or the rules of this court to answer or plead to the declaration or complaint of plaintiff, files this its petition in this suit for the removal of the same," etc.    The act of Congress requires the petition for the removal of the cause to be filed in the State court at the time, or any time before, the defendant is required by the laws of the State, or the rule of the State court in which the suit is brought, to answer.    25 U. S. Stats. at Large, 435.    The answers of the defendants appear to have been filed on the same day with the petitions and bonds for removal, which was the appearance day of the term of the court to which the suit was brought. They were filed April 5, 1889, and on April 18, 1889, the petitions were heard by the court, which refused an order for the removal, because they showed no cause therefor.

There was a compliance with the act of Congress in filing the petitions and bonds in time; but it does not appear that they were called to the attention of the court and presented to it until several days after appearance day, and after the answers had been filed.    Appellee contends, that by filing its answer before the petition and bond were presented to the court the appellant waived its right to remove.    If it was necessary to present the application and bond to the court as well as to file the same before the time required for the answer to be filed, then it would seem that the appellant was too late.    The usual construction given by the Federal courts to the filing of the petition and bond is, that the case eo instanti is removed, but it is also said that the State court has the right to pass on the sufficiency.

In Roberts v. Railway, 45 Federal Reporter, 433, it was held, that the petition should be presented to the State court, and the opportunity given that court to act.    It seems in that case that the petition and bond were presented to the clerk of the State court and by him filed, and that he immediately made and delivered to the defendant certified copies, which it caused to be filed in the Federal court; and that the petition and bond were never called to the attention of the State court.    Also a presenta-

tion of a petition and bond to a judge of the State court in vacation, and on his declining to act, filing of the same in the office of the clerk of the county, is not a compliance with the Removal Act. Williams v. Massachusetts Ben. Assn., 47 Fed. Rep., 533.

As construed by the Federal courts, the law requires the petition and bond to be presented to the State court, and not to the clerk or a judge in vacation. It has been said, that "while it is clear that the right of removal does not depend upon the action or nonaction of the State court, it is equally clear that the State court can not be deprived of its right to decide for itself upon the sufficiency of the petition and bond." Shedd v. Fuller, 36 Fed. Rep., 609; Stone v. South Carolina, 117 U. S., 430.

But in this case the petitions and bonds of the defendants were presented to the court and acted on by it. They were filed in conformity with the Removal Act, at least at the time the defendants were required to answer, and on the same day with the answers, and from the face of the petition it would appear before the time the defendants were required to answer, and were afterwards presented to the court at the same term, and before any other action was had in the case. They were filed in due order of pleading, and according to our practice were presented in time if presented before any other action was had in the case. We do not think the right of removal, if any existed, was waived by the failure of the defendants to present the petitions and bonds to the court before they filed their answers.

Although the defendant John C. Brown afterward died, and the case as to him was dismissed, the right of removal of the cause to the Federal court must be determined by the causes presented therefor as they existed at the time of the application. His petition does not show any right in himself to have the cause removed, for as a cause for removal he alleges adverse citizenship—that he was a citizen of the State of Tennessee. He did not negative the fact that he might have been, at the time he was sued, a resident of the State of Texas. Plaintiff in her petition alleged that he resided in the State of Texas, in the county of Dallas, and that he was operating a line of railway in this State; and he was in all probability a resident in this State at the time. The act of Congress authorizes the removal of a cause of which the Circuit Courts of the United States have jurisdiction, (1) when there is a Federal question; (2) when the defendant or defendants are nonresidents of the State; and (3) when the controversy is wholly between citizens of different States, and can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove. Act of Congress, supra. There was no error in refusing the petition of Brown for a removal.

The appellant made its application for removal on the ground that the suit arose under the laws of the United States. It has been held by the

Supreme Court of the United States, that corporations created by and organized under the acts of Congress are entitled to remove suits brought against them in the State courts into the Circuit Courts of the United States, on the ground that such suits are suits arising under the laws of the United States. Pac. Ry. Rem. Cases, 115 U. S., 1. While we are bound to follow the above cases, yet we concur with the dissenting opinion of Chief Justice Waite therein, that for the purposes of removal in such case, the Constitution or some law or treaty of the United States should be directly involved. This principle is also announced in Carson v. Dunham, 121 United States, 421.

But as the defendant Brown did not join in the application of the appellant for a removal of the cause, it was properly refused, unless the controversy between the plaintiff and the appellant was separable from that between the plaintiff and the defendant Brown. Dillon on Rem. of Causes, 5 ed., sec. 80. If the controversy was separable, or, what is the same in effect, no cause of action was shown against Brown, then the railway company would have the right to remove the case to the Federal court, and carry the whole case there, notwithstanding the fact that the receiver, Brown, showed no cause for removal, or did not join in the application of the appellant for removal. The improper joinder of a resident as a defendant in a case will not defeat the right of removal in another defendant, who may have cause therefor. Nelson v. Hennessy, 33 Fed. Rep., 113; Vinal v. Continental Const. and Imp. Co., 34 Fed. Rep., 228.

Was the controversy in this case between the defendant railway company and the plaintiff separable from that between the defendant Brown and the plaintiff? In other words, with reference to the case made by the plaintiff's petition, did she show a cause of action against Brown? Her petition alleges that plaintiff's injuries were sustained August 27, 1888; that Brown was discharged from the receivership October 31, 1888, and that the railway and other property of the defendant company had been delivered to it. This suit was filed January 2, 1889, and a copy of the order of the United States court discharging Brown was made an exhibit to the petition. Whatever liability there was on the part of Brown was official, and ended with his discharge as receiver. Ryan v. Hayes, 62 Texas, 47; Brown v. Gay, 76 Texas, 447.

There are no facts alleged in the petition that would show that Brown was personally at fault; and at the time of the filing of the petition, which was after his discharge as receiver, there was no cause of action against him. Facts are alleged, however, which show the liability of the defendant company. Railway v. Johnson, 76 Texas, 431.

As no cause of action was shown against Brown, the right of the appellant to remove the case to the Federal court could not be affected by the

fact that he was made a party defendant.    Dill. on Rem. of Causes, 5 ed., sec. 80; 33 Fed. Rep., 113; 34 Fed. Rep., 228, supra.

It becomes unnecessary to consider the remaining assignments of error.

For the error of the District Court in refusing the petition of the appellant for removal and in proceeding to try the cause, the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 21  1892.