NORTH AMERICAN LOAN & TRUST CO. v. COLONIAL & U. S.
MORTG. CO., Limited.

1. The act of congress of March 3, 1887, gives to a defendant the absolute
   right of removal from the state to the federal court, if there exist
   the required conditions as to diverse citizenship and amount in contro-
   versy.
2. In an action so removable, the filing of a sufficient petition and bond
   in the office of the clerk of the court in which such action is pending,
   with, and as a part of, the records of the case, is a filing of the same
   "in such suit in such state court," within the meaning of section 3 of
   said act. CORSON, J., dissenting.
3. Such petition and bond, so filed within the time prescribed by said section
   3, *ipso facto* arrests the authority of the state court to proceed further
   in the case. CORSON, J., dissenting.
4. Actual presentation to the state court, if in session, is a courtesy due
   to the court, but it is not expressly required by the law; and, where
   there will be no session of the court to which the petition could be
   formally presented within the time when the defendant must answer,
   the claim of courtesy to such court cannot be allowed to defeat the
   defendant's right of removal. CORSON, J., dissenting.
5. In this case the defendant, a nonresident corporation, before its time
   to answer had expired, filed its petition and bond in the office of the
   clerk of the court in which the action was pending, as a part of the
   records of the case, the court not being in session. Afterwards, and
   with actual knowledge of such facts, no term having yet been held,
   the plaintiff procured to be entered a judgment against the defendant
   as upon its default. *Held*, that such judgment was rendered by the
   state court without jurisdiction, and it was error to refuse defendant's
   application to set it aside. CORSON, J., dissenting.

(Syllabus by the Court. Opinion filed March 15, 1893.)

Appeal from circuit court, Hand county. Hon. H. G. FULLER,
Judge.

Action in the circuit court of Hand county to recover money
alleged to be due on a contract. The defendant, before the time
for answering expired, filed in the United States circuit court
for the district of South Dakota a petition and bond for the re-
moval of the case to the United States circuit court. No notice
of the filing was served upon plaintiff or its attorneys, nor was any
appearance made by the defendant in the state court, other than

that the clerk of the state court approved the bond on removal and filed in the state court the petition and bond upon removal, and sent a transcript of the record of the case to the United States court; and that, on the date of the rendition of the judgment complained of, the case stood in the United States court upon a motion of the defendant for a bill of particulars, a notice of which motion had been served upon plaintiff's attorneys. The plaintiff applied for, and obtained in the state court, after the filing of the petition and bond for removal in the United States court and upon an affidavit of no appearance, a judgment upon default. The defendant moved to vacate and set aside this judgment, which motion was denied. From the order denying that motion to vacate, defendant appeals. Reversed. Corson, J., dissenting.

*F. McNulty* and *French & Orvis*, for appellant.

The filing of a petition and bond for a removal was an appearance in the case, and the plaintiff by its attorney, making it appear to the court that the defendant in no manner appeared, was guilty of fraud upon the court, and the judgment should be set aside. Wade, Notice, § 3; Bigelow, Fraud, 8.

The filing of a proper petition and bond for a removal from a state court to the United States circuit court, where from the petition the necessary jurisdictional facts appear, *ipso facto*, divests the state court of jurisdiction, and all its acts thereafter are *coram non judice* and void. Steamship Co. v. Turgman, 106 U. S., 118; Kanouse v. Martin, 15 How. 198; Railway Co. v. Kountz, 104 U. S. 5; Gordon v. Longstreet, 16 Pet. 97; Railway Co. v. Mississippi, 102 U. S. 135; Stone v. South Carolina, 117 U. S. 432; Marshall v. Holmes, 141 U. S. 589-595; Railway Co. v. McLean, 108 U. S. 216; Creehore v. Railroad Co., 131 U. S. 240-243; Insurance Co. v. Dunn, 19 Wall. 214; Kern v. Huydekopper, 103 U. S. 485; Insurance Co. v. Pichner, 95 U. S. 183; Carson v. Hyatt, 118 U. S. 297; Barney v. Latham, 103 U. S. 205.

*John L. Pyle* and *A. B. Melville*, for respondent.

The presentation to the state court for its action of a proper petition and bond for removal to the United States circuit court is a prerequisite to divesting the jurisdiction of the state court.

Shedd v. Fuller, 36 Fed. 609; Roberts v. Railroad, 45 Fed. 433; Williams v. Association, 47 Fed. 533; Roberts v. Railroad, 51 N. W. 478.

KELLAM, J. In May, 1892, respondent commenced an action against appellant in the circuit court in Hand county, by the service of summons and verified complaint, for the recovery of money alleged to be due upon contract. Before the expiration of the time within which appellant was by law required to answer, it caused to be filed in the office of the clerk of said court, its petition for the removal of the cause to the federal court, setting forth such facts as to the diverse citizenship of the parties and the amount in controversy as it is not questioned would, with the filing of the required bond, entitle appellant to a removal, if such filing in the clerk's office constituted appellants whole duty under section 3 of the act of congress of March 3, 1887. We state the conditions thus generally because the particular question discussed by counsel, and the question which we propose to examine, is, what is the effect upon the authority of a state court to proceed in a case of the filing in the office of the clerk of such state court, as a part of the records of the case, of a petition and bond, as provided by said section 3 of the federal law? The section provides "that, whenever any party desires to remove any suit capable of being removed, he may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by said circuit court, if said court shall hold that such suit was wrongfully or improperly removed thereto. It shall then be the duty of the state court to accept such petition and bond, and proceed no further in such suit." The federal courts are the final judges as to the construction and meaning of this law, and to

their adjudications we naturally look for a decisive and controlling interpretation.    Except as to the amount in controversy and the time prescribed for filing the petition and bond, the provisions of this law have been in force for 100 years, and it is remarkable that there should still be doubt as to what it means.    Appellant cites many cases from the United States supreme court, like Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. Rep. 58, which definitely declare the effect of filing the petition and bond upon the authority and jurisdiction of the state court; but, although appellant strenuously contends otherwise, we think none of them necessarily control this case, because none of them undertake to define what is meant by the expression "and file a petition in such suit in such state court," and in none of the cited cases does this precise question appear to have been mooted.

Respondent contends that the filing of a petition and bond, sufficient upon their face, in the office of the clerk of the state court in which the action sought to be removed is pending, is not such a filing "in such state court" as is required by the law under consideration; that filing in the court includes presenting to the court; and that such filing in the clerk's office without presentation to the court itself, by the petitioner, is insufficient to arrest the further progress of the case in the state court. A number of cases are cited to sustain this contention.    In Shedd v. Fuller, 36 Fed. Rep. 609, strongly relied upon as a clear and positive assertion of this doctrine, GRESHAM, J., delivering an oral opinion, gives the following as the facts upon which the case was decided:    "The counsel for one of the defendants in this suit presented to the clerk of the state court in which the suit was pending a petition and bond in the usual form for its removal to this court, and, upon the request of the counsel, he was furnished by the clerk with an authenticated copy of the record which was filed in this court."    Whether in the least significant or not, we have no means of knowing, but it is noticeable that it does not appear that the petition and bond were ever filed, or became a part of the records in the case.    They were simply presented to the clerk, who, upon request of counsel, furnished a copy of the record.    The opinion is a very short one, but maintains through-

out the distinction between presenting to the clerk and presenting to the court. It certainly does not expressly decide that filing a petition asking the court for a removal, and making it a part of the records of the case, is not presenting such petition to the court. The statement of facts leaves us in doubt whether the doctrine of the opinion is that filing in the clerk's office in open court, with the other records in the suit, is not filing "in the court," within the meaning of the section, or whether the necessity for presenting to the court arises from the subsequent provision of the section which makes it the duty of the court to "accept" the petition and bond, and proceed no further in the case. The opinion says: "The presentation of a proper petition and bond to the state court for its action is a jurisdictional prerequisite;" and cites Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. Rep. 799, where it is said: "As the right of removal is statutory, before a party can avail himself of it he must show upon the record that his is a case which comes within the provision of the statute;" and "his petition for removal, when filed, becomes a part of the record in the cause." These propositions, put together, would seem to suggest the conclusion that a party who files in a suit a sufficient petition and bond does show upon the record that his is a case entitled to removal. But, evidently construing Judge GRESHAM'S opinion to mean that, in addition to filing the petition and bond, and thus making them a part of the records in the case, it was necessary to expressly call the attention of the court to the same, Judge NELSON, in Roberts v. Railroad Co., 45 Fed. Rep. 433; where the petition was filed with the clerk, says, without argument or further comment, such opinion indicates the correct practice in such cases. In Williams v. Association, 47 Fed. Rep. 533, the petition and bond were presented to the judge of the state court, court not being then in session, and filed in the clerk's office. The court asks: "Is it sufficient to present the petition and bond, when no court is in session, to a judge of the state court, sitting in his office, and subsequently to file them in the office of the clerk?" and answers, "Manifestly not. It is the state court which is authorized to act upon the petition, and not a judge or a clerk of the state court;" and cites the cases above noticed. In

Hall v. Agricultural Works, 48 Fed. Rep. 599, a petition and bond had been prepared and filed, but not presented to the court, for the reason that there had been no session of the court. The case was remanded to the state court, the federal court saying: "The cause is not removed until the petition and bond shall be presented to the state court for acceptance." There may be other cases equally clear and explicit, but these are representative, and are sufficient to show that respondent's position is well supported. Notwithstanding these decisions, however, and the very eminent learning and ability of the judges who pronounced them, a majority of this court entertain grave doubt of their correctness. We believe the statute itself is a general recognition of the justness of the principle that in important cases, involving large pecuniary interests, a citizen of a foreign state or country ought not to be compelled to submit the determination of his rights to a forum in which he is a stranger and his adversary is at home. We think the primary object of the law was to confer a substantial benefit upon a foreign defendant by allowing him to remove such a case from the state to the federal court, and it seems to us that the law was carefully framed with a view of making the right conferred always available. It must have been known to the congress which passed the original removal act, and to subsequent ones which have amended it, that courts are in session only at stated times; that generally, when not so in session, there is no court. It was and is commonly known that the time within which a defendant is required to plead is fixed sometimes by law and sometimes by rule of court, and that it might and would often occur that the time within which the defendant must plead would expire before there would be an open court to which a petition for removal and bond could be presented. In such case we see no way, within the terms of the law, by which a foreign defendant could save or make effective his right of removal. Certainly the law does not expressly require any formal application to the court, and we cannot persuade ourselves that it was intended to recognize and declare the general right of removal, but to make such right available only upon the uncertain contingency of an opportune term of court. The law, in terms, imposes but one duty upon

a defendant seeking removal, and that is to "make and file a petition in such suit, in such state court, at the time or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead," and to make and file therewith a bond, etc. If the law stopped here, we doubt if it would ever occur to anybody that more was required of the defendant than that he should, in proper time, file such petition and bond in the same manner as other papers are filed in the same court, to wit, in the office where the court's records are by law kept, and with the officer who is by law the custodian of such records; but, this being done, the next duty is by the law specifically put upon the court "to accept such petition and bond, and proceed no further in such suit." There is nothing in the law expressly requiring the defendant to do any act or thing, except to file "in the state court" his petition and bond.

It is argued, however, that, even if presentation to the court is not fairly included in, and a necessary part of, the filing in such court, yet the duty of the court to "accept" could only follow a presentation, for it would be indispensable that the court be judicially informed of such petition before it could accept it, but the doctrine is very old that in any case the court has judicial knowledge of all matters properly of record in such case, (12 Amer. & Eng. Enc. Law, p. 183, and cases cited), and "his petition for removal, when filed, becomes a part of the record in the cause," and the court is thus judicially informed that its power over the cause has been suspended, (Insurance Co. v. Pechner, 95 U. S. 185.) "For the purpose of the transfer of a case, the petition for removal which the statute requires performs the office of a pleading," (Water Co. v. Keyes, U. S. 199,) so that thereafter the court would judicially know of the petition and bond, and their contents, as much as it would judicially know the allegations of a pleading properly filed in the case. It is no doubt an orderly, respectful, and desirable practice to present the petition and bond to the court, if it be in session, and thus actively call the same to its immediate attention, but its action is only formal and perfunctory. It is not the decision of the court that determines its jurisdiction,

but the filing of a sufficient petition and bond. Concerning the change of jurisdiction from the state to the federal court, Judge Dillon, in his work on Removal of Causes, (section 143,) says: "In this respect there seems to be a misapprehension in the minds of several of the courts, as evidenced in the use of the words 'surrender its jurisdiction.' This implies a deliberate exercise of volition on the part of the state court, whereas in reality its jurisdiction (and therefore its choice in the matter) is instantly terminated by the mere fact of filing of papers which disclose a removable cause, and which comply with the statutory requirements. If, therefore, this state of facts does in reality exist, (in advance of a judicial determination of it,) the state court no longer has even so much jurisdiction as will enable it to inquire into the sufficiency of the application." Even in the Shedd Case, *supra*, Judge Gresham says: "The right of removal does not depend upon the action or nonaction of the state court," and yet he refused to take jurisdiction because the state court had not acted. It has been repeatedly held that if the petitioner complies with the requirements of the statute, and states in his petition facts which, if true, show, in connection with the record of the case, that he is entitled to a removal, the jurisdiction of the state court is thereby arrested, even though that court refuse to recognize the right of removal. Railway Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. Rep. 1262; Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. Rep. 62, and cases cited. The defeat of the defendant's right of removal, by reason of there being no timely term of court, might be avoided by holding, as was held by the Texas supreme court in Railway Co. v. Bloom, 20 S. W. Rep. 133, and by federal courts in Burck v. Taylor, 39 Fed. Rep. 584, and State v. Coosaw Min. Co., 45 Fed. Rep. 804, that the petition and bond being filed in time, the presentation to the court might be subsequently made. Whether this is in harmony with the theory of the law of removal we do not undertake to say. It cannot, however, rest upon the theory that formally presenting to the court is included the "filing" —to wit, the acts constituting the filing—would not be done within the time prescribed. Whatever is included in in the "filing in the court" required by the law; for in such case

the "filing in the state court" must, by the terms of the law, be done within the time limited; but if, upon any theory, such practice is allowable, we do not see why it might not be applied to this case, and thus save the defendant's right to remove. Here the defendant, within the proper time, to wit, May 27, 1892, filed his petition and bond with the legal custodian of all the court's records, to wit, the clerk of said court, and on the 28th day of June following, there having been no intervening term of court, clearly brought his petition for removal to the attention of the court, in a motion to set aside the judgment for the reason that such petition and bond had been filed. It ought not to affect defendant's right to a removal that the judgment had been entered in the mean time, for that was done without his knowledge, and could not have been controlled by him. Neither ought the plaintiff, so far as the question of removal is concerned, to gain any advantage from such judgment, for he took it after full knowledge, not only constructive, but actual, that the petition and bond had been filed. It cannot affect the proper construction of the federal law that, by a peculiarity of our local statute, the circuit courts of the state are always open for the transaction of certain kinds of business. If this fact has any bearing at all upon this individual case, it would, we think, work to the advantage of appellant; for then its petition and bond were, in theory at least, filed with the clerk in open court, on the 27th day of May, and were actually presented to the court on the 28th day of June. The filing in time justified the subsequent presentation to the court, so the Texas case, *supra*, says. In harmony with the Texas case, and opposed to Williams v. Association, *supra*, is State v. Coosaw Min. Co., *supra*. There the petition and bonds were filed with the clerk during vacation, and exhibited to the judge personally March 31st, but it does not appear that he took any action whatever. There would be no session of his court until May following. The record having in the mean time gone to the federal court, it was there objected that the cause had not been removed. The court held that, "this being a removable cause, as soon as the petition and bond were filed in the state court its jurisdiction absolutely ceased, and that of this court im-

mediately attached;" but that although the jurisdiction was changed, and the case transferred, courtesy to the state court might justify the federal court in withholding affirmative action in the case until the papers could be formally presented to such state court, but that, as the judge of that court had been informed concerning them, "no discourtesy to the state court can now be supposed." It is also difficult to harmonize these views with the proposition of Judge Gresham in the Shedd Case, that "the presentation of a proper petition and bond to the state court for its action is a jurisdictional prerequisite," if by "presentation" is meant the actual and express offering of the same to the court in open session.

It is suggested that, if there is no court in session, a defendant may save his right of removal by procuring an extension of time for pleading, it having been sometimes held (but it is more often denied) that such enlargement also extends the time for removal; but an enlargement of his time to plead rests in the discretion of the court. His right of removal is a legal right, and ought not to hang upon the grace of the court. He ought not to be required to resort to such indirection. He may be ready to plead, and ready for trial. An extension may mean the loss of a term, and the forced postponement of the settlement of important interests, for the determination of which both parties are anxious. Our judgment is, and until the rule is otherwise authoritatively settled must be, that the requirement of section 3 as to filing petition and bond in the suit in the state court is met by the filing of such papers with the records of the case in the office of the clerk who is the legal and actual custodian of the court's records, and that the filing of such papers, sufficient on their face, has the effect to arrest the jurisdiction of the state court, and prevent it from thereafter going forward, and entering judgment, as in the case at bar. We think we should entertain and express these views from a careful study of the subject, and from what we understand to be the intent and logic of the removal act, even if we found no affirmative support in the adjudications of other courts. We think it is the theory of the law that a foreign defendant may assert and make effective his right of removal by filing in the

state court, as a part of the records of the case, in the usual manner of filing papers therein, a proper petition and bond, and that the courtesy to the state court which would hold in abeyance the legal effect of such petition and bond until the innocent and perfunctory ceremony of presenting the same to the state court, whose action is universally held to be without effect, is a legal affectation, that ought not to be indulged in to the extent of depriving a party of the substantial right which it was the design of the law to secure to him. The conclusions above announced are fully sustained by the opinion of Judge SHIRAS in Brown v. Murray, Nelson & Co., 43 Fed. Rep. 614, and of Judge WALLACE in Noble v. Association, 48 Fed. Rep. 337. In the former case the opinion says: "It is not the presentation of the petition and bond to the court in open session that terminates the jurisdiction, but the filing of the same, so that the same become a part of the record of the particular suit." In the latter case it is said: "The statute does not require any notice of the proceeding to be given by the removing party to the adverse party, except by the filing of the petition and bond; and in my judgment, notwithstanding recent opinions to the contrary, by judges whose opinions are entitled to great weight, it does not require the removing party to present his petition or bond to a judge, either in vacation or in open court, but is satisfied when he files them with the official custodian of the records of the court." Courtesy to the state court would undoubtedly suggest the presentation of the papers to it, so that it might be actually as well as judicially informed that its jurisdiction over the case had been arrested; but, as was said in State v. Coosaw Min. Co., *supra*, comity has no place in determining the question as to the removal of a cause which is a matter of right.

We treat the petition and bond in this case as sufficient, without question or examination, for the reason that they were so treated by both sides upon the argument in this court, and were so treated below by both parties and court. The court below declined to accept the same, not because defective,—for no such suggestion was made,—but on the distinct ground that "judgment has heretofore been entered." The purpose of this appeal

as contemplated by both sides, was evidently to have reviewed the question passed upon by the trial court, to wit, the legal effect of the filing of the petition and bond in the clerk's office, without actual presentation of the same to the court until after the default judgment had been entered.   In the opinion of a majority of this court, the state court had no authority to proceed in the case, and enter judgment against appellant, after the filing of the petition and bond.   The judgment being unauthorized, it should have been set aside upon appellant's application, and the order of the court refusing is hereby reversed.   The cause is remanded, with direction to the court below to vacate the judgment.

Corson, J., (dissenting.)   I am unable to concur in the opinion of a majority of this court in this case, and, as the question presented is an important one, I deem it proper to express my views upon it.   The plaintiff commenced an action in the circuit court of Hand county to recover of the defendant $45,300, interest, costs, etc.   The summons and complaint were duly served, and when the time for answering expired, no copy of answer, demurrer, or notice of retainer having been served, a judgment was rendered in the said circuit court of Hand county for the amount claimed. Some time prior to the expiration of the time for answering, the defendant filed in the office of the clerk of the court for said Hand county a petition for the removal of said cause to the United States circuit court for the district of South Dakota, and also filed therewith a bond in the usual form.   Neither the petition nor bond was presented to the state court for its acceptance or action, nor were they brought to the attention of the state court prior to the rendition of said judgment, and said court had no knowledge or information of their existence when he rendered said judgment.   After the entry of the judgment, the defendant moved to vacate and set the same aside, on the ground that, when the judgment was rendered, the case had been removed to the federal court, and the state court had no jurisdiction to enter it, which motion was denied.

The learned counsel for the appellant contends that the filing of said petition and bond in the office of the clerk of the circuit court of Hand county had the effect of removing the cause to the

United States circuit court, and that the proceedings in the state court taken subsequently to such filing were *coram·non judice*, and void. The learned counsel for the respondent insists that the filing of the said petition and bond in the office of the clerk of the state court did not have the effect of removing said cause, or of arresting the jurisdiction of the state court, and that, until the petition and bond were presented to the state court for its action thereon, such state court retained jurisdiction of the cause, and the judgment, therefore, rendered by it, was legal and valid.

The construction given to the section of the act of 1887, relating to the removal of actions, contended for by the counsel for appellant, and adopted by the court, does not seem to me to be the proper construction of that section. A too limited and restricted meaning is given to the clause "file in the suit in the state court" by holding that it means simply a filing of the petition and bond in the office of the clerk of the state court. In my judgment, the term "file," as there used, in connection with the clause "it shall then be the duty of the state court to accept said petition and bond, and proceed no further in said suit," means a presentation of the same to the state court for its acceptance or action. The term "file" is there used in its larger and more comprehensive sense, of presenting or exhibiting the petition and bond to the court, as well as the mere placing it among the records of the cause. And. Law Dict. p. 459. Two objects are to be accomplished by the petition and bond. One is to terminate the jurisdiction of the state court, and the other is to remove the cause to the federal court. Until the petition and bond are brought to the attention of the state court, and it is requested to accept the same, and proceed no further, it is the duty of the state court to proceed. It has jurisdiction to proceed until its jurisdiction is arrested by a proper proceeding, and it is not only authorized to proceed, but it is its duty to do so, until the petition and bond are presented to the court. The state court, upon the presentation to it of the petition and bond, with the request that it accept the same, surrender its jurisdiction, and proceed no further in the suit, has an important duty to perform. It is not merely perfunctory, but involves a careful examination of the pe-

tition and bond, and of the law applicable thereto, in order that it may decide and determine for itself whether or not it will accept the petition and bond, and surrender its jurisdiction, or proceed with the cause. The party opposing the removal has the right, until a proper case is made for the removal, to proceed in the cause in the state court; and hence the state court must determine the question of whether he shall be permitted to so proceed, or whether the court will surrender its jurisdiction, and proceed no further. The right to so decide must exist of necessity. When the state court is requested to yield its jurisdiction, on statutory grounds, of a cause of which it has jurisdiction, it must examine the documents presented to it, and determine whether or not they comply with the statute, and present a case calling for the surrender of its jurisdiction. How can it otherwise know whether it is its duty to yield its jurisdiction, or proceed with the cause? Whether to consider the case still pending or as removed to the federal court? The act of congress, in my judgment, contemplates a respectful presentation of the petition and bond to the state court for its acceptance and action. The state court must therefore be called upon to act on the petition and bond before the case can be transferred to the federal court. "Having once acquired jurisdiction, the state court may proceed until it is judicially informed that its power over the cause has been suspended." Insurance Co. v. Pechner, 95 U. S. 183. To be "judicially informed" is to be informed as a court by the proper proceedings taken in court, not in the office of the clerk of the courts. It is not sufficient, therefore, to merely file the petition and bond in the office of the clerk of the court, or to apply to the judge of such court. It is the court that must be judicially informed; it is the court that must accept or decline to accept the petition and bond.

The state court may, as it often does, upon an examination of the petition and bond, in connection with the pleadings and records in the cause, decide that under the law they are insufficient to require it to surrender its jurisdiction, and it proceeds with the cause. In such case the petitioner must either defend in the state court, or permit the cause to proceed, and defend only

in the federal court, and rely upon the appellate court of the United States to reverse the judgment of the state court in case it shall have erred in retaining the cause. This is the petitioner's only remedy, and it is therefore important to him that the petition and bond be presented to the state court, and its favorable action secured, in order that he may not be required to proceed further in that court. The proceedings that may be taken are clearly stated by Chief Justice WAITE, in Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. Rep. 799. He says: "A state court is not bound to surrender its jurisdiction of a suit on petition for removal until a case has been made which on its face shows that the petitioner has a right to the transfer * * *" All issues of fact made upon the petition for removal must be tried in the circuit court, but the state court is at liberty to determine for itself whether, on the face of the record, a removal has been effected. If it decides against the removal, and proceeds with the cause, notwithstanding the petition, its rulings on that question will be reviewable here after final judgment, under section 709 of the Revised Statutes. Removal Cases, 100 U. S. 457; Railroad Co. v. Mississippi, 102 U. S. 135; Kern v. Huidekoper, 103 U. S. 485; Railroad Co. v. Koontz, 104 U. S. 5; Railroad Co. v. White, 111 U. S. 134, 4 Sup. Ct. Rep. 353, and in Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. Rep. 692. Mr. Justice HARLAN, speaking for the court, says: "It has been repeatedly held, particularly in Stone v. South Carolina, 117 U. S. 435, 6 Sup. Ct. Rep. 799, following substantially Railroad Co. v. Koontz, that a state court is not bound to surrender its jurisdiction of the suit on petition for removal until a case has been made which on its face shows the petitioner has a right to the transfer. * * * We say 'upon its face,' because the state court is only at liberty to inquire whether on the face of the record a case has been made which requires it to proceed no further." It seems to me these decisions clearly indicate that, in the opinion of that court, the application for removal must be made to the state court, as a court which must first pass upon the sufficiency of the petition and bond, and determine whether or not it will proceed further in the cause. The federal court, on a motion to remand the cause to the state court is charged with the like duty

of determining for itself whether it will retain the case or remand it, subject to the same liability to have its decision reversed and its proceedings set aside by the appellate court, as was done in the case of Crehore v. Railway Co., *supra.* When the state court declines to surrender its jurisdiction, and proceeds with the cause, and the federal court takes and retains jurisdiction, the case may proceed in both courts, as was the case in The Removal Cases, 100 U. S. 457, subject, of course, to the final determination by the appellate court as to which court has proceeded legally.

In this connection I desire to call attention to the fact that, while a removal law containing provisions as to the filing of the petition and bond "in the suit in the state court" and the duty of the state court "to accept the same and proceed no further in the suit," similar to those found in the law of 1887, has been in force since the organization of the federal government, the uniform practice seems to have been to present the petition and bond to the state court as such for its acceptance and action. That a motion was made to the court to accept the petition and bond, and proceed no further with the suit, and either granted or denied, is a stereotyped expression in nearly all the removal cases—both state and federal—that I have examined. This uniform practice under a statute for so long a period certainly is entitled to great weight in construing it. I think, in the view of this uniform practice, Judge KEY, of the United States court, district of Tennessee, was justified in a decision made in December, 1891, in saying: "But it would be something remarkable for a party to go to the state clerk in vacation, file his application for removal, and take his suit into this court, without presenting the matter to the state court at all, or giving it an opportunity to accept the petition and bond as the law prescribed." Hall v. Chattanooga Agricultural Works, 48 Fed. Rep. 601. The view I have taken is supported by several federal decisions that are directly in point. Mr. Justice KELLAM, in the majority opinion of the court, has commented upon these decisions; but it seems to me he has failed to give them the consideration to which they are entitled by reason of the learning and long experience upon the federal bench of the judges who made them. In the case of Shedd v. Fuller, 36

Fed. Rep. 609, the proceedings for removal were the same as in the case at bar. The petition and bond were filed in the office of the clerk of the state court, but were not presented to the court for its acceptance. As the opinion is short, I give it in full: "GRESHAM, J., (orally.) The counsel for one of the defendants in this suit presented to the clerk of the state court in which the suit was pending a petition and bond, in the usual form, for its removal to this court; and, upon the request of the counsel, he was furnished by the clerk with an authenticated copy of the record which was filed in this court. It is admitted that the petition and bond were not presented to the state court for its action. The removal act of March 3, 1887, as well as the prior acts upon the same subject, provides that a party desiring to remove a suit from a state court to a circuit court of the United States shall file his petition and bond in such suit in the state court, when it shall be the duty of that court, if the petition and bond be sufficient to satisfy the statute to accept both, and proceed no further in the case. The right of removal is purely statutory, and the jurisdiction of the state court remains undisturbed until a proper petition and bond are presented to that court for its judicial action. It is not sufficient to present the petition and bond to the clerk, who is the court's mere ministerial officer. While it is clear that the right of removal does not depend upon the action or nonaction of the state court, it is equally clear that the state court cannot be deprived of its right to decide for itself upon the sufficiency of the petition and bond. The presentation of a proper petition and bond to the state court for its action is a jurisdictional prerequisite. Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. Rep. 799. Motion to remand sustained." Equally clear and important is the decision of Judge NELSON, of the Minnesota district, in Roberts v. Railway Co., 45 Fed. Rep. 433, (decided in March, 1891.) I give this decision in full also: "NELSON, J. This is a motion to remand made by the plaintiff. The correct practice is indicated by Judge GRESHAM in Shedd v. Fuller, 36 Fed. Rep. 609. The petition should be presented to the state court, and opportunity given that court to act. In this case the petition was presented to the clerk of the state court, and filed by him,

and a certified copy immediately made and given the defendant. The court never had its attention called to the petition. This is not the proper practice indicated by the statute granting removals from the state court, or recognized by the United States supreme court. Motion to remand granted." In October, 1891, the case of Williams v. Association, 47 Fed. Rep. 533, was decided by Judge Coxe, of the northern district of New York. In that case the petitioner not only filed his petition and bond in the office of the clerk of the state court in time, but he presented them to the judge in chambers, who declined to act upon them as a judge. It was insisted in that case, as in the case at bar, that, the party having filed his petition and bond in the clerk's office in time, the case was removed; but the learned judge held the case was still in the state court, and had not been removed therefrom, and the judge says in his opinion: "This motion turns, therefore, upon the question whether or not the presentation upon the 27th of June to the judge, and the subsequent filing in the clerk's office, was a compliance with the federal statute. Is it sufficient to present the petition and bond, when no court is in session, to a judge of the state court, sitting in his office, and subsequently to file them in the office of the clerk? Manifestly not. It is the state court which is authorized to act upon the petition, and not a judge or clerk of the state court. Shedd v. Fuller, 36 Fed. Rep. 609; Stone v. South Carolina, 117 U. S. 435, 6 Sup. Ct. Rep. 799; Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. Rep. 692. As the case is still in the supreme court of the state of New York, this court has no jurisdiction to grant the motion." The case of Hall v. Agricultural Works, 48 Fed. Rep. 599, has already been referred to, but, as Judge Key in that case defines what is meant by "filing in the suit in the state court," I quote from it again. He says: "In cases which are sought to be removed, * * * the petition must be filed in the state court. It appears from the record that, since the adjournment of the last term of the state court, a petition for removal and bond have been prepared and filed, but there has been no session of the court since, so that the petition and bond could be presented to the state court as contemplated by the statute. * * * Moreover,

the cause is not removed until the petition and bond shall be presented to the state court for acceptance. Then, and not until then, is the state court required to determine whether it will proceed further or not." Opposed to these clear and able decisions is a decision made by Judge SHIRAS, of the Iowa district, in Brown v. Murray, Nelson & Co., 43 Fed. Rep. 614. But, though this decision was made prior to those of Judges NELSON, COXE, and KEY, it does not seem to have met with the approval of those judges, and certainly is opposed to that of Judge GRESHAM. In the case of Noble v. Association, 49 Feb. Rep. 337, decided by Judge WALLACE, referred to in the majority opinion, as I understand the facts of the case, the question now presented to this court was not involved. Since that decision was made, the important cases of Roberts v. Railway Co., 51 N. W. Rep. 478, in the supreme court of Minnesota, and Railroad Co. v. Bloom, 20 S. W. Rep. 133, in the supreme court of Texas, have been decided, and the construction of the act of congress, as given by Judge GRESHAM, NELSON, COXE, and KEY, adopted. No reference is made in either of those cases to the opinion of Judge WALLACE, although the decisions were made subsequently to his decision. The proceedings in the case of Roberts v. Railway Co., *supra*, decided by the supreme court of Minnesota in March, 1892, are nearly identical with those in the case at bar. A petition and bond were filed in the clerk's office, but not presented to the court. The case proceeded in the state court, and judgment was rendered for the plaintiff for about $22,000, motion made to set it aside, and denied, and an appeal taken to the supreme court, where the judgment of the court below was affirmed. See, also, Carswell v. Schley, 59 Ga. 17; Angier v. Railway Co., 74 Ga. 634; McWhinney v. Brinker, 64 Ind. 360; Blair v. Manufacturing Co., 7 Neb. 146; Bank v. Adams, 130 Mass. 431; Stone v. Sargent, 129 Mass. 503.

The court, in the majority opinion, seems to find a reason for its construction of the act of congress in the fact that the court in some states might not be in session in time to enable the petitioner to effect a removal of his cause. It is admitted that no such difficulty is likely to occur in this state, as the circuit judge is authorized to act upon the petition and bond at any time and

in any place within his circuit as a court.    No difficulty seems to have occurred in the Texas case, although no court was in session until after the time for answering had expired.    An answer, however, was filed with the petition and bond in time, if the court was subsequently called upon to act in the case.    This was held proper. It is quite probable that, if the petitioner desires to retain his right to move to dismiss the action for want of proper service, or to make any other motions, a state court, when properly applied to, or a judge thereof, would make an order staying proceedings, and extending the time for answering until application could be made to the state court, as the law contemplates, for an order of removal; but, be this as it may, the federal courts seem to have had no apprehension upon this question.    If the party should fail in securing a removal, no natural or equitable right would be violated.    The right to a removal is a purely statutory right, and is often lost by a failure of a petitioner to comply with the law.

Some importance is given in the opinion of the majority of the court to the fact that the respondent and its attorneys had information that the petition and bond had been filed in the clerk's office; but, in my view of the case, this is an entirely immaterial fact, as much so as would a knowledge of the fact that they had been prepared, and the party intended to file them, when not filed in time.    If the view of the court is correct that the filing of the petition and bond in the clerk's office removed the case, then knowledge of the adverse party or want of knowledge is immaterial.    If such filing in the clerk's office does not remove the case until application is made to the state court, then knowledge or want of knowledge is equally immaterial.    I am of the opinion, therefore, that the counsel for the respondent proceeded properly in taking judgment.    It was not his duty to call to the attention of the court the fact that such petition and bond had been filed. He was not moving for a transfer of the cause to the federal court, and he had no duty to perform in regard to it until the petitioner

39—S. D.

had taken the proper proceedings to effect a removal. I think his conduct was strictly professional, and I doubt if he would have been justified in proceeding otherwise than he did. In my opinion, the judgment of the court below should be affirmed.