RICHARDS *et al* v. MODERN WOODMEN OF AMERICA.

Where a non-resident defendant in an action for over $2,000 files a sufficient petition and bond for a removal to the federal court in the office of the clerk of court where the action is pending before the return day therein, it is sufficient to devest the jurisdiction of the state court, though no order of removal is made.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Edmunds county, HON. LORING E. GAFFY, Judge.

Action on a life policy by Margaret Richards and others against the Modern Woodmen of America. From an order vacating a default judgment entered in favor of plaintiffs, they appeal. Affirmed.

*Albert Gunderson* and *C. H. Barron,* for appellants.

*E. T. Taubman* and *J. W. White,* for respondent.

CORSON, J. This is an appeal from an order vacating and setting aside a judgment entered by default. The action was upon a policy of insurance issued by the defendant company. A motion was made to vacate the judgment mainly upon the ground that prior to the entering of the judgment the defendant had filed its petition and bond for the removal of the case to the United States circuit court, and that the state court, therefore, was without jurisdiction to enter the judgment. It appears from the affidavit made upon the motion for a vacation of the judgment that the summons in the action was served upon the defendant on the 29th day of

April, 1899, and that on the 22nd day of May, 1899, there was filed in the office of the clerk of the circuit court of Edmunds county, where said cause was pending, a petition for removal, together with a bond for the removal of the action to the circuit court of the United States, alleging the diverse citizenship of the parties to the suit, and that the amount in controversy exceeded $2,000; that the defendant, after filing said petition and bond, immediately procured from the clerk a transcript of the record, and filed the same with the clerk of the circuit court of the United States; and that said petition and bond were filed within the time defendant was required to answer or otherwise appear in said action as provided by the laws of the state of South Dakota, and as provided by the act of congress for the removal of causes from the state to the federal courts. It further appears that, at the time the petition and bond were filed they were examined by one of the attorneys for the plaintiffs, and he was notified that the same were filed. It also appears that the attention of the judge of the state circuit court was called to the fact that said petition and bond had been filed prior to the entry of such judgment. Subsequently to the filing of said petition and bond, to-wit, on June 9, 1899, the circuit court of Edmunds county, where the said action had been instituted, notwithstanding the fact of the filing and presentation of said petition and bond, proceeded to hear the case—the defendant having no notice and not appearing— and rendered judgment against the defendant for $3,000 and costs. The defendant, upon learning of such judgment, served notice of an application to vacate and set aside the same upon the ground that the court had no jurisdiction to render judgment therein, and for the further reason that no default existed. Upon the hearing of said motion, the court vacated and set aside the judgment.

The appellants contend that the court below erred in granting said order, for the reason that no affidavit of merits or proposed answer was filed for or in behalf of the defendant, and because no order was made by the state court transferring said action to the federal court, and no appearance was made in the state court for the purpose of removal, which is a necessary condition precedent to effect a removal. In the view we take of the case, it will only be necessary to consider the last question; for, if the state court had no jurisdiction to enter the judgment, its order vacating and setting aside the same was clearly proper, and must be affirmed. Substantially the same question was before this court in North American L. & T. Co. v. Colonial & U. S. Mortg. Co., 3 S. D. 590, 54 N. W. 659. In that case a majority of the court held·that, in an action removable to the federal court, the filing of a sufficient petition and bond in the office of the clerk of the court in which said action was pending, with and as a part of the records of the case, is a filing of the same in such suit in such state court, and that thereafter the state court has no further jurisdiction to proceed in the action. The decisions were very fully reviewed in that case, both in the majority and dissenting opinions. The writer of this opinion dissented, relying mainly upon the decision of the supreme court of Minnesota in the important cases of Roberts v. Railway Co., 48 Minn. 521, 51 N. W. 478, and upon Railway Co. v. Bloom, 85 Tex. 279, 20 S. W. 133, decided by the supreme court of Texas. The cases of Roberts v. Railway Co., *supra,* were taken by writ of error to the supreme court of the United States, and were affirmed by that court in December, 1896, for the reason that the court was equally divided; Mr. Justice FIELD taking no part in the decisions. Railway Co. v. Roberts, 164 U. S. 703, 704, 17 Sup. Ct. 992. It is to be regretted that the question has not been definitely settled by the

supreme court of the United States, but in view of the fact that the decision in the Roberts case was affirmed by a divided court, this court feels inclined to adhere to its former decision. The present case, therefore, presenting substantially the same questions as were decided by this court in the case referred to, must be ruled by that decision. As we have seen, in the decision of that case it was held that, when a proper petition and bond were filed with the clerk of the state court, such court ceased to have further jurisdiction of the action, and the same was, by virtue of the statute, removed to the federal court. Such being the case, it necessarily follows that the judgment of the state court, having been entered after the filing of such petition and bond, was not a legal and binding judgment; the court having no jurisdistion to enter the same. The order of the court below vacating and setting aside said judgment is therefore affirmed.