JOHN ROBERTS *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RY. CO.

Argued Jan. 5, 1892. Decided March 8, 1892.

**Removal of Case into Federal Court—Requisites.**—When the defendant in an action in a state court files in the office of the clerk—the court not being in session—a petition and bond for removal of the cause to the circuit court of the United States, it is also incumbent on him to direct the attention of the court to the fact.

**Jurisdiction—When not Conferred by Motion to Vacate.**—The making of a motion to set aside a judgment on the ground that the court had not jurisdiction to render it, does not give validity to the judgment. *Godfrey* v. *Valentine*, 39 Minn. 336, followed.

**Remanding—Effect of.**—The validity of a judgment rendered in a state court after the cause has been removed is not affected by the subsequent remanding of the cause from the federal to the state court.

Petition—State Court cannot Adjudge upon.—Any contest concerning
the facts alleged in the petition for removal must be determined in the
federal court.

MITCHELL, J., dissenting.

Appeal by defendant, the Chicago, St. Paul, Minneapolis & Omaha
Railway Company, from a judgment of the district court of Scott
county, entered upon default, December 5, 1890, in favor of plaintiff,
John Roberts.

Appeal also by defendant from an order made in the same action
by *Hicks*, J., April 15, 1891, discharging an order to show cause why
said judgment should not be vacated.

The plaintiff, John Roberts, was employed by defendant as fire-
man on an engine hauling freight trains between St. Paul and St.
James, Minn. On March 7, 1890, at St. James, while on a side
track, he was caught between the water tank at that place and the
tender attached to the engine, and seriously injured. He began this
action October 15, 1890, to recover damages, and the summons and
complaint were served that day on defendant by delivery to its sta-
tion agent at Shakopee, Minn. The original summons and com-
plaint, and proof of service, were filed on November 5, 1890, in the
office of the clerk of the district court in Scott county.

On November 1, 1890, the defendant, claiming to be a Wisconsin
corporation, filed with the clerk of the district court its petition for
the removal of the action into the circuit court of the United States
for the district of Minnesota, third division. The petition was ac-
companied by a proper removal bond. The clerk, at its request,
made a certified transcript of the papers on file, and defendant filed
this copy in the federal court, together with its answer in the action.

On November 7, 1890, plaintiff's attorney presented an affidavit that
no appearance had been made or answer served by the defendant, and
applied to the judge of the state court for judgment. He ordered that
the action be referred to John L. Townley, Esq., as sole referee to
hear and report and order judgment, and further ordered that, upon
filing his report, judgment be entered by the clerk in accordance
therewith. The referee heard plaintiff's evidence, and on December
4, 1890, made his report, stating his findings of fact and conclusions

of law, and ordering judgment for plaintiff, and assessing his damages at $21,905. Judgment was entered the next day on this report.

On December 30, 1890, defendant presented to Hon. Henry G. Hicks, one of the judges of the state district court, an affidavit stating the removal of the action into the federal court, and the subsequent entry of judgment in the state court, and procured from said judge an order that plaintiff show cause before that court why the judgment should not be vacated, on the ground that the state court had lost jurisdiction by the removal. Cause was shown by plaintiff, and the matter submitted on January 17, 1891, and taken under advisement.

On March 3, 1891, plaintiff appeared in the United States circuit court, and moved to strike the case from its calendar, and remand the suit to the state court. After hearing the parties, an order was on that day entered in that court, remanding the suit, on the ground that the petition and bond for removal had not been presented to the state court for its action; that filing them with the clerk was not such presentation. 45 Fed. Rep. 433.

On April 13, 1891, the state district court, *Hicks,* J., made an order in the motion pending in that court, discharging the order to show cause, and denying the motion to vacate the judgment.

These appeals are from that order, and from the judgment entered by default on the referee's report.

*J. H. Howe* and *S. L. Perrin,* for appellant.

The appellant is a corporation of the state of Wisconsin. It has been declared to be such in three separate special acts of the legislature of Minnesota, still in force. Sp. Laws 1881, chs. 219, 228, 362. The respondent is a citizen of the state of Minnesota. The amount in controversy exceeds $2,000. Upon all questions affecting the jurisdiction of the federal courts, the laws of congress are supreme.

The statute relied upon by plaintiff is Sp. Laws 1881, ch. 219. The language is this: "And provided, further, that in all suits and proceedings upon causes of action arising in this state, in which the said Chicago, St. Paul, Minneapolis & Omaha Railway Company shall be a party, (it) shall be deemed to be, for all purposes, a domestic corporation, and not otherwise."

The board of directors of appellant, on May 12, 1881, resolved that the appellant accept the said three several acts, and the rights, powers, privileges, franchises, and immunities granted by them, subject to the limitations, restrictions, and conditions in each of said acts contained. The most that can be claimed is, that for purposes of all suits upon causes of action arising in Minnesota, the railroad company became a domestic corporation; that is to say, a corporation of Minnesota. But, by becoming such, the appellant did not cease to be a corporation of Wisconsin, and as such entitled to remove this cause into the federal court. *Railway Co.* v. *Whitton's Adm'r*, 13 Wall. 270; *Muller* v. *Dows*, 94 U. S. 444; *Nashua & L. R. Corp.* v. *Boston & L. R. Corp.*, 136 U. S. 356; *Moore* v. *Chicago, St. P., M. & O. Ry. Co.*, 21 Fed. Rep. 817; *Chicago, M. & St. P. Ry. Co.* v. *Becker*, 32 Fed. Rep. 849.

But assuming that the provisions of the statute of 1881, and the resolutions of acceptance, did constitute an agreement or condition that appellant would not remove a cause to the federal court, the statute, then, is unconstitutional and void, and the appellant is not bound by its acts in accepting its terms. *Insurance Co.* v. *Morse*, 20 Wall. 445; *Doyle* v. *Continental Ins. Co.*, 94 U. S. 535.

Within the time limited by the statute, defendant presented its petition and bond to the clerk of the state court, who accepted and filed them. They then became a part of the records of the court in the case. The court was not in session. The appellant did all the statute required; filed his papers in the state court in proper time. It was, of course, the duty of the clerk to file them, and he did it. They then became accepted by the court. *St. Anthony Falls Water-Power Co.* v. *King Wrought-Iron Bridge Co.*, 23 Minn. 186; *Steamship Co.* v. *Tugman*, 106 U. S. 118; *Carson* v. *Hyatt*, 118 U. S. 279; *Railroad Co.* v. *Mississippi*, 102 U. S. 135; *Kern* v. *Huidekoper*, 103 U. S. 485; *Railroad Co.* v. *Koontz*, 104 U. S. 5; *Manning* v. *Amy*, 140 U. S. 137.

To this weight of authority the respondent opposes the decision of Judge Gresham in *Shedd* v. *Fuller*, 36 Fed. Rep. 609. The judge remanded the cause because the petition and bond were not presented to the court for its action; that it was not sufficient to present the

petition and bond to the clerk, who is the court's mere ministerial officer, but must be presented to the court for its judicial action. To this position he cites but one case, *Stone* v. *South Carolina,* 117 U. S. 430. This case does not support the decision for which it is cited. On the contrary, the supreme court say in that case that upon filing the petition and bond—the suit being removable under the statute—the jurisdiction of the state court absolutely ceases, and that of the circuit court of the United States immediately attaches.

The *Shedd Case* is authority for the respondent's position, but it is directly opposed by the decision of Judge McCrary. *In re Iowa & M. Const. Co.,* 10 Fed. Rep. 401; *Osgood* v. *Chicago, D. & V. R. Co.,* 6 Biss. 330; *Connor* v. *Scott,* 4 Dill. 242.

*J. L. McDonald,* for respondent.

The entry of plaintiff's judgment is in no manner assailed, except upon the ground that the court below lost jurisdiction, and the cause was removed to the federal court, by the mere filing with the clerk of the petition and bond for removal, without even exhibiting them to the court.

The grounds upon which the court below denied appellant's motion, and upon which Judge Nelson, of the United States circuit court, remanded the case to state court, are absolutely conclusive and unassailable. But we deem it our duty to ask this court to pass upon the question whether the appellant has, under Sp. Laws 1881, ch. 219, and its acceptance of the same, the right to have such an action as this, arising in this state, removed to the federal courts.

The state had the power to impose the condition that the defendant, by accepting, should be deemed a domestic corporation. It is within the range of a constitutional domestic policy to say to a foreign corporation, "I will not admit you, unless under specific restrictions;" for the restrictions to be placed on corporations are eminently matters of local policy. Wharton's Confl. Laws, § 105; *Paul* v. *Virginia,* 8 Wall. 168; *Lafayette Ins. Co.* v. *French,* 18 How. 404; *Railroad Co.* v. *Harris,* 12 Wall. 65.

The case of *Insurance Co.* v. *Morse,* 20 Wall. 445, simply held (the Chief Justice and Mr. Justice Davis dissenting) that agreements in advance to oust the court of jurisdiction conferred by law are

illegal, and that a party cannot bind himself in advance by such an agreement.

But in the case of *Doyle* v. *Continental Ins. Co.*, 94 U. S. 535, that court receded from its position taken in *Insurance Co.* v. *Morse,* and squarely held that a state has the power to impose conditions.

The entire question whether a case can be removed from the state to the federal courts by the mere filing of the petition and bond with the clerk of the state court has been recently reviewed and settled by the supreme court of the United States.   *Stone* v. *South Carolina,* 117 U. S. 430; *Burlington, C. R. & N. Ry. Co.* v. *Dunn,* 122 U. S. 513; *Shedd* v. *Fuller,* 36 Fed. Rep. 609.

By appearing in the state court, and making this motion to vacate and set aside this judgment, the appellant voluntarily submitted itself to the jurisdiction of the state court, and waived any claim to or right of removal which it may have had by reason of filing the bond and petition.   Such conduct has frequently been held a waiver, and submission to the jurisdiction of the state court.   Dill. Rem. Causes, § 154, note 4; *First Nat. Bank of Wausau* v. *Conway,* 67 Wis. 210; *Home Ins. Co.* v. *Curtis,* 32 Mich. 402; *Papke* v. *Papke,* 30 Minn. 260; *Curtis* v. *Jackson,* 23 Minn. 268.

Plaintiff does not claim that an order of removal is necessary, but that the petition and bond should be presented to the court.   An order granting removal by the state court is not necessary to give the United States court jurisdiction.   But we do insist that the application has not been completed until the petition and bond have been actually produced, and presented to the court for approval.

No matter what any particular federal trial court may have said, in particular cases, none of them have attempted to hold that a party can thus furtively, and by a sort of statutory larceny, remove a case from a state court without the knowledge of that court, or the opposite party to the suit.

DICKINSON, J.   This action to recover damages for a personal injury caused by the alleged negligence of the defendant was commenced in the district court of this state.   Before the time for answering the complaint had expired, the defendant filed in the office of the clerk of that court, in the proper county, a petition and bond

for a removal of the cause to the circuit court of the United States; it being alleged in such petition that the defendant was a foreign (Wisconsin) corporation, and the plaintiff a citizen of this state.  No question is here presented as to the petition and bond being sufficient in form for the purposes of effecting a removal of the cause pursuant to the provisions of the law of congress of March 3, 1875, ch. 137, as amended by the act of August 13, 1888, ch. 866, if the proper practice was pursued.  The clerk of the district court filed the petition and bond on the 1st day of November, and at the request of the defendant made a certified copy of the record of the cause in the district court, which was filed in the office of the clerk of the circuit court on the 3d day of November; and the defendant then filed in the latter court its answer to the complaint.  The time for answering expired on the following day.  The petition and bond for removal were not presented to the judge of the state court, nor is it shown that his attention was called to the fact that they had been filed in the clerk's office.  It appears that no notice of such filing was served upon the plaintiff.  On the 7th day of November, upon affidavit presented to the state court on the part of the plaintiff, alleging the default of the defendant to appear in the action, or to demur to or answer the complaint, that court proceeded in the cause as upon default. An order of reference was made, the cause was heard before the referee upon evidence presented on the part of the plaintiff, and upon the report of the referee judgment was entered against the defendant for the recovery of about $22,000.  A motion addressed to the district court to set aside the judgment was refused.  The defendant appealed both from the order refusing to set aside the judgment and also from the judgment.  Both appeals present the same questions, were argued together, and what we shall say will be equally applicable to both appeals, unless otherwise indicated.

The real question to be decided is whether, by the proceedings to which we have referred, the jurisdiction of the state court was suspended or terminated; or, in other words, whether such proceedings were effectual to remove the cause from the state to the federal court. If such was the case, then the judgment was void for want of jurisdiction, and should have been set aside on motion, and the appellant

should prevail in both appeals. The respondent cannot be sustained in his contention that by the motion to vacate the defendant submitted to the jurisdiction of the court, and so made valid the judgment, even though it was rendered without jurisdiction. *Godfrey* v. *Valentine*, 39 Minn. 336, (40 N. W. Rep. 163.) Nor can it affect the validity of the judgment that the case was subsequently remanded to the state court, it being considered by the circuit court that the attempted removal had not been effectual. Of course, that decision of the circuit court is to be regarded as authority upon the question whether the proceedings for removal were effectual; but the remanding of the cause had no retroactive effect, as respects the jurisdiction of the state court prior thereto. The briefs contain extended arguments upon the question whether this defendant stood before our courts as a foreign or a domestic corporation, a nonresident or a resident of this state, upon which fact its right to remove the cause to the circuit court depended. The district court was not required to pass upon that question. It had no power to do so, and it is not a matter involved in these appeals. The petition for removal stated the fact to be that the defendant was a foreign corporation, and nonresident of this state. No question is suggested as to the petition showing on its face, if the facts alleged were true, that the defendant was entitled to have the cause transferred to the federal court, but the plaintiff, in effect, disputes the facts alleged in the petition. It has been settled by the decisions of the supreme court of the United States that, where the petition, considered in connection with the record of the cause, shows facts entitling the petitioner to a removal, (the law being complied with in other respects,) the cause is effectually removed, and any controversy which may arise upon the facts alleged by the petition must be determined in the federal court. *Burlington, C. R. & N. Ry. Co.* v. *Dunn*, 122 U. S. 513, (7 Sup. Ct. Rep. 1262,) and cases cited. The stipulation for the entry of a judgment in the circuit remanding the cause in accordance with the decision of that court does not affect the question here presented.

We come now to consider the more serious question, whether the mere filing in the office of the clerk of the state court in vacation, or when the court is not in session, of a petition and bond, which are

on their face sufficient, the petitioner doing nothing further to call the attention of the court to this fact, or to invoke a suspension of the exercise of its jurisdiction, is effectual *ipso facto* to arrest or terminate that jurisdiction. Is that all that the statute contemplates? The question has arisen in the circuit courts of the United States, but the decisions have been conflicting. It will suffice to cite *Osgood* v. *Chicago, D. & V. R. R. Co.*, 6 Biss. 330; *Shedd* v. *Fuller*, 36 Fed. Rep. 609; and *Roberts* v. *Chicago, St. P., M. & O. Ry. Co.*, 45 Fed. Rep. 433. The case last cited is that under consideration. It was remanded to the state court because it was considered that the mere filing of the petition and bond in the office of the clerk of the state court (the proceeding not having been brought to the attention of the judge of that court) was not effectual to transfer the cause. We do not think that the question has been presented before or decided by the supreme court of the United States. Language may be found in the opinions of that court which, if it had been used with reference to the question here presented, would have an important bearing upon it; but, having been employed in treating of other questions, it cannot be regarded as expressing any opinion of that court upon the precise matter now before us. However, the question to be decided may be simplified by the statement of some propositions which may be regarded as settled by the decisions of that court. The right to remove a cause into the federal court, in the cases specified in the statute, is absolute; and the moving party may, by pursuing the course prescribed therein, effectually remove the cause without any consent or order or affirmative action on the part of the state court. If the petitioner complies with the requirements of the statute, and states in his petition facts which, if true, show, in connection with the record of the case, that he is entitled to a removal, the jurisdiction of the state court is thereby arrested, even though that court should refuse to recognize the right of removal. *Burlington, C. R. & N. Ry. Co.* v. *Dunn, supra; Stone* v. *South Carolina*, 117 U. S. 430, (6 Sup. Ct. Rep. 799;) *Marshall* v. *Holmes*, 141 U. S. 589, (12 Sup. Ct. Rep. 62;) *National Steamship Co.* v. *Tugman*, 106 U. S. 118, (1 Sup. Ct. Rep. 58.) It is conceded in this case that no order of the state court was necessary to effect the removal. It may be added,

by way of possible qualification to the broad propositions above stated, that it does not seem to have been finally determined whether the state court has any authority to pass upon the sufficiency of the bond filed by the petitioner, either as respects its amount or the sufficiency of the surety, and to refuse to accept it, and to suspend the exercise of its jurisdiction, if the bond should be found to be in fact insufficient. But the tendency of the decisions to which we have already referred renders it probable that it will be decided that the court has no such authority, but that, if the bond is good in form, its sufficiency can only be questioned and passed upon in the circuit court. In the *Removal Cases*, 100 U. S. 457, the court declined to pass upon the question, it being found to be unnecessary. Nor do we find it necessary to consider the question in this case. The bond was proper in form, and the state court never considered whether it was in fact sufficient. For the purposes of this decision, we assume that the court had no right to determine anything in respect to the bond, save as to its sufficiency on its face. This being assumed, it may be stated broadly that, if the attention of the state court in this case had been called to the fact of the filing of the petition and bond, and it had been moved or asked thereupon to cease to proceed in the cause, it would have been bound to do so.

The statute providing how a removal may be effected is, and must necessarily be, somewhat arbitrary. Whatever it in terms requires to be done, or what it is to be construed as contemplating, is necessary. From the statute itself, keeping in mind the nature of the subject and the obvious purposes sought to be accomplished, we seek to discover what is required to be done by one who would avail himself of its benefits. We at once perceive that this is very briefly expressed; and the general principle of construction is not to be lost sight of, which requires that meaning and effect be given, if possible, to every expression found in the law. So reading the statute, we are inclined to the opinion that it is not enough for the moving party to merely file his petition and bond in the office of the clerk of the state court in vacation, or when the court is not in session, but that he should also in some way advise the court of this proceeding, before he can justly claim to have stayed or terminated the jurisdic-

tion of that court, and to have effected a removal of the cause to the federal court.   Prior to the proceedings in question, the state court had full jurisdiction in the cause.   It not only had authority, but it was its duty, to proceed therein to hearing and judgment.   The purpose to which the statute is directed is of a double nature.   It is directed to the end of arresting—terminating—the jurisdiction of the state court, divesting that court of its authority to proceed, as well as of conferring upon the United States court jurisdiction in the cause.   It contemplates as one of the principal ends in view that the state court shall cease to exercise its functions; but this it cannot be expected to do until in some way it is informed of the act of the party, which alone divests it of its jurisdiction, and converts its duty to proceed into a duty to "proceed no further in such suit." And the language of the statute may well be regarded as disclosing the intention that the filing of the petition and bond for a removal should be in some manner brought to the attention of the court, in order that it might discontinue all further proceedings.   Following the provision for making and filing a petition and bond in the state court, the statute declares:   "It shall then be the duty of the state court to *accept* said petition and bond, and proceed no further in such suit."   It is contemplated that the court shall act intelligently upon the petition and bond; not necessarily by a formal approval of the same, if found to be sufficient upon their face, nor perhaps by the making of any formal order.   But its jurisdiction and duty to proceed are not affected by the filing of *any* petition and bond, however defective, but only by the filing of such as are, on their face, legally sufficient.   *Burlington, C. R. & N. Ry. Co.* v. *Dunn,* 122 U. S. 516, (7 Sup. Ct. Rep. 1262;) *Stone* v. *South Carolina,* 117 U. S. 430–432, (6 Sup. Ct. Rep. 799.)   Hence the court ought in every case to examine the petition and bond, to see whether they are legally sufficient, in order that, if found to be so, (but not otherwise,) it may forbear to proceed further in the cause.   The duty of the court, declared in the statute, to "accept" the petition and bond, (being sufficient on their face,) and to cease to further exercise its functions, implies that the court is to *act* upon them, which it cannot do until it is advised of the fact of their being filed; nor can it act intelli-

gently until it shall have examined the record thus made, to see whether the requirements of the law have been complied with. If it had been intended that the mere filing of the papers with the clerk, who is only a ministerial officer of the court, should be sufficient of itself to stay the proceedings of the court, why was it added to the provision for filing that the court should *accept* the petition and bond, and cease its proceedings? This implies something more than had been expressed in the provision for filing such papers. If the law contemplates that the proceedings for removal shall be brought to the attention of the court in order that it may thus forbear, it is reasonable to say that the moving party—the petitioner who seeks by such means to put an end to proceedings legally pending in the state court—should see to it that this is done. If he presents his petition and bond to the court, and they are filed under its direction, that would be sufficient. But when, as probably must be deemed permissible, he files them with the clerk in vacation, we hold it to be necessary for him also to direct the attention of the court to the fact, in order that the obvious purposes of the law may be accomplished by the suspension of further proceedings in that court. The mere filing with the clerk does not, in itself, inform the court of the proceeding. The record in this case illustrates how that might be done, and yet the state court proceed to final judgment in the cause without any knowledge on the part of the court, or of the counsel representing the adverse party, that proceedings had been taken which, if effectual, had divested the court of its jurisdiction, and transferred the cause to another tribunal. We will add that our minds are not free from doubt as to the correctness of the conclusion here expressed upon the question principally discussed. However, our decision is not final, and it will doubtless be reviewed, and the question settled, in the court of last resort.

Judgment and order affirmed.

MITCHELL, J., dissenting.

(Opinion published 51 N. W. Rep. 478.)