# KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* LESLIE, ADMINISTRATOR OF OLD.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 538.   Argued April 22, 1915.—Decided June 21, 1915.

Under the Employers' Liability Act as amended in 1910 and § 28, Judicial Code, a cause brought in a state court of competent jurisdiction under the Employers' Liability Act cannot be removed to a Federal court upon the sole ground of diversity of citizenship.

Under the Employers' Liability Act as amended in 1910 there can be a recovery for pecuniary loss to the widow and children of decedent and also for conscious pain and suffering endured by decedent in the period, even though brief,—in this case about two hours—between injury and death. *St. Louis, Iron Mtn. & Southern Ry.* v. *Craft,* 237 U. S. 648.

Even though the declaration may set up distinct and independent liabilities springing from one wrong—as for the suffering endured before death and the death itself—in an action under the Employers' Liability Act, in the state court the jury need not, if it is in accord

with local practice, specify the different amounts awarded for the suffering before death and the death itself.

Under the Employers' Liability Act the recovery of pecuniary damages by the personal representative of the deceased is in trust for the beneficiaries designated by the act and must be based upon their actual pecuniary loss.

112 Arkansas, 305, reversed.

THE facts, which involve the validity of a verdict and judgment for damages for personal injuries obtained in an action under the Federal Employers' Liability Act, are stated in the opinion.

*Mr. James B. McDonough,* with whom *Mr. Samuel W. Moore* and *Frank H. Moore* were on the brief, for plaintiff in error.

*Mr. W. P. Feazel* for defendant in error:

No Federal question arises in the denial of the petition for removal.

There was no denial of any Federal question or immunity in the refusal to direct a verdict for plaintiff in error.

There was no denial of any Federal right in refusing instructions.

The claim of the Federal right or immunity arising from the refused instructions is too general and indefinite to give this court jurisdiction.

The claim of immunity set forth in the requested instructions is not granted by the Acts of Congress referred to or by the rules or orders of the Interstate Commerce Commission.

There is another and independent ground of negligence adequate to sustain the judgment.

There was no denial of any Federal right in any instructions given nor do the rulings of the court in regard thereto or to admitting and excluding testimony involve

any Federal question. There was no denial of any Federal right in excluding rules of the Interstate Commerce Commission as evidence.

There was no denial of any Federal rights in refusing to disturb the verdict on either of these grounds.

An excessive verdict does not involve a Federal question.

No question as to the form of the verdict was raised or decided in the lower court.

General objections to instruction on measure of damages are not sufficient to raise the question that the infant child was permitted to recover damages after maturity.

As to the failure of the jury to apportion damages, that question is not raised or decided by the lower court.

Numerous authorities of this and other courts support these contentions.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

In May, 1913, Sam E. Leslie, administrator, brought this suit under the Federal Employers' Liability Act (35 Stat. 65), as amended April 5, 1910 (36 Stat. 291), against the Kansas City Southern Railway Company in the Circuit Court, Little River County, Arkansas, alleging that the injury and death of Leslie Old (March 24, 1913) resulted from its negligence, and demanding $10,000 for pain and suffering endured by deceased and $15,000 pecuniary damage to the wife and young child. The Company unsuccessfully sought to remove the case; there was trial to a jury and verdict for $25,000 without apportionment, a *remittitur* of $7,000, and a final unqualified judgment in favor of the administrator for $18,000, which the Supreme Court of Arkansas affirmed (112 Arkansas, 305). Three substantial assignments of error demand consideration.

*1.* The deceased and his administrator were citizens and residents of Arkansas. The Railway Company, a Missouri corporation, seasonably set up non-residence and demanded removal of the cause to the United States District Court. Its petition therefor was denied and this is now assigned as error.

The above-mentioned amendment of 1910 declares: "The jurisdiction of the courts of the United States under this Act shall be concurrent with that of the courts of the several States, and no case arising under this Act and brought in any state court of competent jurisdiction shall be removed to any court of the United States." Section 28, Judicial Code, effective January 1, 1912, specifies causes removable from state courts by non-resident defendants and concludes: "*Provided,* That no case arising under an act entitled 'An act relating to the liability of common carriers by railroad to their employés, in certain cases,' approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any state court of competent jurisdiction shall be removed to any court of the United States." The language of both amendment and Judicial Code, we think, clearly inhibits removal of a cause arising under the Act from a state court upon the sole ground of diversity of citizenship. The same conclusion has been announced frequently by lower Federal courts. *Symonds* v. *St. Louis &c. Ry.,* 192 Fed. Rep. 353, 356; *Strauser* v. *Chicago &c. R. R.,* 193 Fed. Rep. 293, 294; *Saiek* v. *Penna. R. R.,* 193 Fed. Rep. 303; *Lee* v. *Toledo &c. Ry.,* 193 Fed. Rep. 685, 686; *Ullrich* v. *N. Y., N. H. & H. Ry.,* 193 Fed. Rep. 768, 770; *Hulac* v. *Chicago &c. Ry.,* 194 Fed. Rep. 747, 749; *McChesney* v. *Illinois Central R. R.,* 197 Fed. Rep. 85, 87; *De Atley* v. *Chesapeake & Ohio Ry.,* 201 Fed. Rep. 591, 596; *Kelly's Adm'x* v. *Chesapeake & Ohio Ry.,* 201 Fed. Rep. 602, 605; *Rice* v. *Boston & Maine R. R. Co.,* 203 Fed. Rep. 580, 581; *Teel* v. *Chesapeake &*

*O. Ry. of Virginia*, 204 Fed. Rep. 918, 921; *Patton* v. *Cincinnati &c. Ry.*, 208 Fed. Rep. 29, 30; *Eng* v. *Southern Pacific Co.*, 210 Fed. Rep. 92, 93; *Burnett* v. *Spokane &c. Ry.*, 210 Fed. Rep. 94, 95.   A different view expressed in *Van Brimmer* v. *Tex. & Pac. Ry.*, 190 Fed. Rep. 394, decided October, 1911, cannot be accepted.

*2.* It is said the court below erred in approving the charge permitting recovery for pecuniary loss to widow and child and also for conscious pain and suffering endured by deceased in the brief period—less than two hours— between injury and his death.   This point having been considered the right to recover for both these reasons in one suit was recently sustained.   *St. Louis, Iron Mtn. &c. Ry.* v. *Craft*, 237 U. S. 648 [announced June 1, 1915].

It is further objected that as the declaration set up two distinct and independent liabilities springing from one wrong but based upon different principles, the jury should have been directed to specify in their verdict the amount awarded, if any, in respect of each.   This objection must be overruled.   Of course, in causes arising under this statute trial courts should point out applicable principles with painstaking care and diligently exercise their full powers to prevent unjust results; but its language does not expressly require the jury to report what was assessed by them on account of each distinct liability, and in view of the prevailing contrary practice in similar proceedings we cannot say that a provision to that effect is necessarily implied.   As the challenged verdict seems in harmony with local practice and has been approved by the courts below the judgment thereon is not open to attack here upon the ground specified.

*3.* Complaint is also made of the following instruction—No. 10—given at the administrator's instance: "If you find for the plaintiff, you should assess the damages at such sum as you believe from a preponderance of the evidence would be a fair compensation for the con-

scious pain and suffering, if any, the deceased underwent from the time of his injury until his death and such further sum as you find from the evidence will be a fair and just compensation with reference to the pecuniary loss resulting from decedent's death to his widow and child; and in fixing the amount of such pecuniary loss, you should take into consideration the age, health, habits, occupation, expectation of life, mental and physical disposition to labor, the probable increase or diminution of that ability with the lapse of time and the deceased's earning power and rate of wages. From the amount thus ascertained the personal expenses of the deceased should be deducted and the remainder reduced to its present value should be the amount of contribution for which plaintiff is entitled to recover, if your verdict should be for the plaintiff." The Arkansas Supreme Court expressly approved this upon authority of *Railway Co.* v. *Sweet,* 60 Arkansas, 550. Recent opinions of this court have laid down the rule concerning the measure of pecuniary damages to beneficiaries which may be recovered under the Act. A recovery therefor by the administrator is in trust for designated individuals and must be based upon their actual pecuniary loss. *Michigan Cent. R. R.* v. *Vreeland,* 227 U. S. 59, 68; *American Railroad* v. *Didricksen,* 227 U. S. 145, 149; *Gulf, Colorado &c. Ry.* v. *McGinnis,* 228 U. S. 173, 175; *North Carolina R. R.* v. *Zachary,* 232 U. S. 248, 256, 257; *Norfolk & Western Ry.* v. *Holbrook,* 235 U. S. 625, 629. Instruction No. 10 conflicts with the approved rule and the probable result was materially to prejudice plaintiff in error's rights.

The judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*