ARTHUR MINER v. CHICAGO, BURLINGTON & QUINCY
RAILROAD COMPANY.[1]

October 8, 1920.

No. 22,099.

Lien of attorney in action under Federal Employer's Liability Act —
    subrogation.

1. Under G. S. 1913, § 4955, as amended by Laws 1917, c. 98, an attorney has a lien for his compensation upon the cause of action of his client arising under the Federal Employer's Liability Act; and in enforcing it in the original action, when his client and the defendant have settled without his consent, he proceeds as one subrogated to the original cause of action so far as necessary to protect his rights.

Concurrent jurisdiction of state and Federal courts under that act — no
    removal of action for citizenship.

2. A state court has concurrent jurisdiction of an action under the liability act and such action is not removable to a Federal court upon the ground of diversity of citizenship. When an attorney intervenes

1Reported in 179 N. W. 483.

in the original action, after a settlement without his consent, to enforce his lien for compensation, his controversy with the defendant is not removable to the Federal court on the ground of diversity of citizenship.

Upon the petition of defendant company and John Barton Payne, Director General of Railroads, the supreme court granted its order directed to the district court of the Fourth judicial district, requiring it to show cause why it should not be absolutely restrained from any further proceeding in the above entitled action. Writ quashed.

*Barrows, Stewart & Metcalf,* for proponents.

*F. M. Miner,* for respondent.

DIBELL, J.

Prohibition to the Hennepin district court directing it to refrain from further proceedings in an action therein brought by Arthur Miner against the Chicago, Burlington & Quincy Railroad Company.

The ground of the writ is that the district court is without jurisdiction because the action has been removed to the Federal district court.

The action was under the Federal Employer's Liability Act for personal injuries. Issue was joined and pending trial the defendant, or the Director General of Railroads, settled with the plaintiff without the consent of his attorney, Stiles, who had a contract entitling him to compensation, and under the statute a lien therefor upon the plaintiff's cause of action. He intervened to enforce his right. It was agreed that issues should be framed and the case set for trial at a date fixed. The defendant afterward moved the district court to remove the action to the Federal district court, upon the ground of diversity of citizenship, and filed a proper petition and bond. The motion was denied. Thereafter the writ of prohibition now before us was issued. The claim is that the filing of the petition and bond operated as a removal.

1. The character of the lien of an attorney for his compensation is fixed by the statute. It is a lien upon the cause of action and may be summarily determined, in the event of a settlement without the attorney's consent, in the action out of which it arises. G. S. 1913, § 4955, as amended by Laws 1917, p. 123, c. 98. It is said that "the statute vests in the attorney a legal right to resort to the cause of action, or any

settlement thereof without his consent, for his compensation." Davis v. Great Northern Ry. Co. 128 Minn. 354, 358, 151 N. W. 128. In Holloway v. Dickinson, 137 Minn. 410, 163 N. W. 791, it is held that the lien given by the statute attaches to a cause of action arising under the Federal Employer's Liability Act. Upon review by the Federal supreme court in Dickinson v. Stiles, 246 U. S. 631, 38 Sup. Ct. 415, 62 L. ed. 908, Ann. Cas. 1918E, 501, the holding was sustained. In concluding the opinion Justice Holmes said: "The whole case is simply that the state allows the attorney employed to collect a claim to be subrogated to the rights of the claimant so far as to secure the attorney's fees. We see no reason why it should not." The intervener is interested in the original cause of action, by way of subrogation, to the extent necessary to protect his compensation.

2. The jurisdiction of courts of the United States, of actions under the liability act, is concurrent with that of courts of the states, and no case brought in a state court of competent jurisdiction is removable to the Federal court for diversity of citizenship. Judicial Code, § 28; 36 St. 1094. The filing of a petition and bond for removal in proper form does not affect the jurisdiction of the state court, and it may properly proceed with the action notwithstanding such filing. Kansas City Southern Ry. Co. v. Leslie, 238 U. S. 599, 35 Sup. Ct. 844, 59 L. ed. 1478; Southern Ry. Co. v. Lloyd, 239 U. S. 496, 36 Sup. Ct. 210, 60 L. ed. 402; St. Joseph & G. I. Ry. Co. v. Moore, 243 U. S. 311, 37 Sup. Ct. 278; Southern Ry. Co. v. Puckett, 244 U. S. 571, 37 Sup. Ct. 703, 61 L. ed. 1321, Ann. Cas. 1918B, 69.

The intervener is not proceeding by an original or independent action. He is enforcing his statutory right in the plaintiff's original cause of action, and is proceeding in the action which the plaintiff brought to enforce his cause of action. The controversy was not removed to the Federal court by the filing of the petition and bond and the court was right in proceeding with the action.

Writ of prohibition quashed.