**THOMPSON v. CHICAGO & N. W. RY. CO.**
**(DAHL & McDONALD, Interveners).**

(District Court, D. Minnesota, Second Division. July 28, 1926.)

1. **Removal of causes ⊜3—Complaint in employee's personal injury action against railroad, alleging that defendant at time of injury was engaged in interstate commerce and with foreign countries as common carrier, held to state cause of action under federal Employers' Liability Act, and cause was not removable for diversity of citizenship (Comp. St. §§ 8657–8665).**

Complaint in employee's personal injury action against railroad, alleging that defendant at time of injury "was engaging in the business of commerce between the several states and territories of the United States, and foreign countries," as common carrier, and that plaintiff was employed by it in such business, *held* to state cause of action under federal Employers' Liability Act, and cause was not removable on ground of diversity of citizenship (Comp. St. §§ 8657–8665).

2. **Removal of causes ⊜42—Controversy in which railroad employee's attorney seeks to enforce statutory lien for fees, after railroad settled directly with client in action under federal Employers' Liability Act, held not removable (Comp. St. §§ 8657–8665).**

Where defendant railroad settled directly with plaintiff in action under federal Employers' Liability Act, latter's attorney may enforce his statutory right to lien for fees in the original cause of action, and such controversy is not removable (Comp. St. §§ 8657–8665).

At Law. Action by Thomas Thompson against the Chicago & Northwestern Railway Company, in which Dahl & McDonald intervene. On interveners' motion to remand case to the Circuit Court. Motion granted.

This cause came on to be heard at a special term of this court, held in the city of Minneapolis, Minn., on the 24th day of April, 1926, upon a motion of the interveners to remand the same to the district court of the state of Minnesota for Yellow Medicine county, whence it was removed.

Miner & McDonald, of Minneapolis, Minn., for interveners and plaintiff.

Brown, Somsen & Sawyer, of Winona, Minn., for defendant.

JOHN B. SANBORN, District Judge. The suit of the plaintiff against the defendant was originally brought in the district court of Yellow Medicine county, Minn.; to recover for personal injuries under the federal Employers' Liability Act (Comp. St. §§ 8657–8665) Dahl & McDonald, the interveners, appeared as the plaintiff's attorneys. A petition for removal of the case to the United States District Court of the District of Minnesota, on the ground of diversity of citizenship, was made and denied. Subsequently the defendant settled with Thompson for the sum of $14,000. Dahl & McDonald then intervened for the purpose of enforcing their statutory lien for attorney's fees. The defendant then again petitioned for the removal of the cause, on the ground, first, that the complaint in the action does not show that the cause of action is based upon the federal Employers' Liability Act, and the suit is therefore removable because of diversity of citizenship; and, second, on the ground that the controversy is now entirely between the interveners and the defendant, who are citizens of different states, and involves more than $3,000.

[1] The complaint alleges that the defendant, at the time of the injury of which Thompson complains, "was engaging in the business of commerce between the several states and territories of the United States and foreign countries, as a common carrier by steam railroad, and that said plaintiff was employed by said defendant in its said business of commerce." There is no reference in the complaint to intrastate commerce, and, while the allegation is not as definite as it should be, its intent and purpose is, obviously, to allege that the plaintiff was employed in interstate commerce, and not in intrastate commerce. The cause of action being one under the federal Employers' Liability Act, the cause was not removable upon the ground of diversity of citizenship. Kansas City Southern R. Co. v. Leslie, 238 U. S. 599, 35 S. Ct. 844, 59 L. Ed. 1478.

[2] The Supreme Court of the state of Minnesota has held, in the case of Miner v. Chicago, B. & Q. R. Co., 147 Minn. 21, 179 N. W. 483, that, where a defendant settles direct with the plaintiff, the plaintiff's attorney may enforce his statutory right to a lien in the original cause of action, and that the controversy is not removable where the cause of action was not removable. In referring to the lien of an attorney for compensation, the court said: "The character of the lien of an attorney for his compensation is fixed by the statute. It is a lien upon the cause of action and may be summarily determined, in the event of a settlement without the attorney's consent, in the action out of which it arises. G. S. 1913, § 4955, as amended by Laws 1917, c. 98."

In Davis v. Great Northern Ry. Co., 128 Minn. 354, 151 N. W. 128, the court said: "The statute vests in the attorney a legal right to resort to the cause of action, or any settlement thereof without his consent, for his compensation."

In Holloway v. Dickinson, 137 Minn. 410, 163 N. W. 791, it was held that the lien given by the statute attached to a cause of action arising under the federal Employers' Liability Act, which decision was reviewed by the United States Supreme Court in Dickinson v. Stiles, 246 U. S. 631, 38 S. Ct. 415, 62 L. Ed. 908, Ann. Cas. 1918E, 501, and was sustained. Justice Holmes, who wrote the opinion, in conclusion said: "The whole case is simply that the state allows the attorney employed to collect a claim to be subrogated to the rights of the claimant so far as to secure the attorney's fees. We see no reason why it should not."

I see no reason to overrule the decision of the Supreme Court of the state of Minnesota. It is true that the only real controversy which now exists in this case is that between the attorneys for the plaintiff and the defendant; but the attorneys are resorting to the original cause of action and enforcing a right with respect to it allowed them by statute. It is not a new controversy, but in effect the unsettled remnant of an old one, and the right of removal must be based upon that controversy.

The motion to remand is granted.