· E. A. PEARSON v. JOHN ZACHER AND ANOTHER.[1]

January 13, 1928.

Nos. 26,340, 26,341.

**When this court will not consider assignments in respect to rulings and amount of recovery.**

Where liability has been admitted in a personal injury case and the verdict, as reduced by the trial judge on motion for a new trial, is plainly not excessive, this court will not consider assignments of error directed to rulings on evidence and the amount of recovery.

Appeal and Error, 4 C. J. p. 649 n. 36.
Damages, 17 C. J. p. 1096 n. 92.

---

See note in L. R. A. 1915F, 30; 46 A. L. R. 1230.

Defendant Joseph Zacher appealed from judgments in two cases in the district court for St. Louis county, Kenny, J. entered against

[1]Reported in 217 N. W. 369.

him and in favor of plaintiff individually and as-natural guardian of his minor son.    Affirmed.

*Warner E. Whipple, G. W. Atmore, Jr.* and *Kirby, Kirby & Kirby,* for appellant.

*Lewis & Hunt,* for respondent.

STONE, J.

Two actions tried together, one being by E. A. Pearson as the father and natural guardian of Ellis Pearson, his minor son, to recover for personal injuries sustained by the latter, and the other, by the father on his own account, to recover damages.   The boy was run down by an automobile claimed to have been the property at the time of the accident of both defendants.   At the trial the action was dismissed as to defendant John Zacher.   There was a verdict against defendant Joseph Zacher in both actions—$7,000 for the son, and $1,400 for the father.   The motions for a new trial resulted in orders granting them unless there should be consents, which there were, that the verdict be reduced to $4,500 in the son's case and $500 in the father's.   Defendant Joseph Zacher appeals from the judgments.

The assignment of error principally argued is that plaintiff's counsel was allowed, over objection and as a part of the case for plaintiffs, to go into the insurance supposedly carried by defendants. Ownership of the car at the time of the accident was denied by John Zacher.   Against that denial, evidence that he was carrying insurance on the car at the time of the accident would have been relevant.   It would be difficult therefore to hold that there was error in developing the fact that John Zacher was carrying insurance.   If he was not, it seems that the defense might have forestalled the effort altogether by disclosing to counsel for plaintiff at the outset, entirely aside from the evidence in the case, what the fact was.   If there had been such a disclosure that John Zacher was not insured, and then, notwithstanding, the matter of insurance had been gone into for plaintiff, a different problem would have been presented.   But we are not disposed to follow the argument to decision.

There was a dismissal as to John Zacher, and his codefendant, Joseph, admitted liability. The only issue was as to the amount of damage. Although the verdicts were excessive and the learned trial judge so considered them, the ends of justice have been fully met by the reductions ordered and consented to. The injuries are so serious and the resulting outlay by the father so substantial that, if there were another trial, the recovery in each case could not reasonably and in justice be less than the amount at which it now stands. The young man was severely injured, receiving among other things a fracture of the skull. Compare Hillstrom v. Mannheimer Brothers, 146 Minn. 202, 178 N. W. 881. The temporary effects were decidedly serious, painful and distressing. It is probable that some of the serious impairment suffered by the boy will be permanent. The damages, as liquidated by the reduced verdicts, are not excessive. That being the case, we decline to consider assignments of error directed solely to rulings on evidence and the amount of recovery. The case is ripe for final disposition on the merits within the rule of Gordon & Ferguson v. Doran, 100 Minn. 343, 111 N. W. 272, 8 L.R.A.(N.S.) 1049, and First Nat. Bank v. Towle, 118 Minn. 514, 525, 137 N. W. 291.

Judgments affirmed.