## DR. WARD'S MEDICAL COMPANY v. SWAN KALLIO AND OTHERS.[1]

January 27, 1928.

No. 26,563.

**Construction of written contract.**

In construing a written contract it is not permissible to ignore any of the language thereof which clearly expresses a definite contractual intent.

Contracts, 13 C. J. p. 527 n. 46.
Guaranty, 28 C. J. p. 952 n. 33.

_____

See 6 R. C. L. 835; 2 R. C. L. Supp. 218; 4 R. C. L. Supp. 443; 5 R. C. L. Supp. 372; 6 R. C. L. Supp. 412.

Defendants Henry Hill and William Aho appealed from a judgment of the district court for Carlton county, Freeman, J. entered in favor of plaintiff.  Affirmed.

*Toivonen & Harri,* for appellants.

*Webber, George & Owen,* for respondent.

STONE, J.

Under a written contract of May 9, 1925, defendant Kallio was continued as a salesman of plaintiff's merchandise in specified territory, the contract being in form one for the sale by plaintiff to Kallio of the goods required by the latter.  Kallio already owed plaintiff $800, and his payment of that indebtedness, as well as his performance of the new contract, was guaranteed by defendants Hill and Aho.  Accordingly they are sued as sureties.  After a trial without a jury and an unsuccessful motion for amended findings or a new trial, defendants Hill and Aho appeal from the judgment. They claim that they guaranteed only the original indebtedness of $800; and that if payments made by Kallio on the one open account between plaintiff and himself were applied to the older items, the

[1]Reported in 217 N. W. 369.

original indebtedness would be paid. We cannot construe the guaranty as demanded by that argument.

The undertaking of the defendant sureties was expressed as follows:

"We * * * do hereby * * * guarantee the full and complete payment of said indebtedness [of $800], the amount of which is now written in said agreement, or, if not, we hereby expressly authorize the amount of said indebtedness to be written therein and promise to pay for said goods and other articles, and the prepaid freight, express or postal charges if any thereon at the time and place and in the manner in said agreement provided."

There is no way of limiting that language to the old claim of $800 without ignoring entirely, and as completely as though it were not in the contract at all, the accompanying "promise to pay for said goods and other articles" together with freight and express charges. It being necessary to look to the whole agreement for the intention of the parties and it not being permissible to ignore or read out of it any language expressive of definite intent, the construction urged by appellants is untenable. Their argument, as we understand it, is that under the language of the agreement, inasmuch as the amount of the original indebtedness was already "written" therein at the time it was signed, all that follows, beginning with "or, if not, we hereby expressly authorize the amount of said indebtedness to be written therein," should be disregarded. It is too obvious for further comment that the disjunctive effect of the conjunction "or" goes only to the clause authorizing the amount of the old indebtedness to be written into the contract if it were not already there. It cannot have the effect of disconnecting from the whole or making inoperative the following independent promise "to pay for said goods and other articles." This construction disposes of the case.

Judgment affirmed.