# E. A. PEARSON v. JOSEPH ZACHER.
## WESTERN SURETY COMPANY, GARNISHEE.[1]

April 12, 1929.

No. 27,210.

[1]Reported in 225 N. W. 9.

*L. K. Eaton* and *Whipple & Atmore,* for appellant.
*Lewis, Hunt & Palmer,* for respondent.

Wilson, C. J.

The Western Surety Company, the garnishee, appealed from a judgment entered against it.

Plaintiff procured a judgment against defendant on May 11, 1927, for $4,770. Pearson v. Zacher, 173 Minn. 365, 217 N. W. 369. On July 2, 1928, execution was returned unsatisfied. On July 12, 1928, garnishment papers were served. The return day for disclosure was August 6, 1928. On August 3, 1928, a petition and bond for removal to federal court were filed, having been served on counsel July 30, 1928. An answer in opposition thereto was filed. On August 13, 1928, the state court filed an order denying the petition. By consent of counsel the disclosure was continued until September 4, 1928, when the garnishee filed written objections to the jurisdiction of the court because of the alleged removal to the federal court. One of the garnishee's counsel was sworn as a witness and a disclosure was sought. He declined to answer questions, claiming the court was without jurisdiction. Upon application of plaintiff an order to show cause why judgment should not be entered against the garnishee for $5,149.60 as in default came on for hearing on September 10, 1928: This was resisted. On September 17, 1928, the state court granted the motion and filed an order for judgment for said amount. Immediately thereafter and on the same day the federal court restrained plaintiff and his counsel from taking any proceedings in this action until the further order of that court. On October 13, 1928, the federal court on application of plaintiff in form remanded said matter to the state court. Judgment was entered in the state court on October 13, 1928, for $5,171.90 pursuant to said order for judgment. The garnishee is a citizen of South Dakota.

It is the claim that the state court had no jurisdiction because of the removal to the federal court. The garnishee says that the

state court has no control over the application. This assertion is true only in a limited sense. It must not be understood that the state court has no duty in relation to such application. It is charged with the duty of determining whether the record presented to it shows upon its face that the applicant has a right to the removal. It will not yield its jurisdiction until a legally sufficient record has been presented, and it is its duty in every case to examine the petition and bond. This is necessary for it to "accept" them within the meaning of Judicial Code, § 29, 28 USCA, § 72, 36 St. 1095. This is necessary to judicially inform the state court that its power over the cause has been suspended. The mere filing of a petition and bond for the removal of a suit which is not removable does not work a transfer. The contents of the papers must disclose the right. Kowalski v. C. & N. W. Ry. Co. 159 Minn. 388, 199 N. W. 178; Stone v. South Carolina, 117 U. S. 430, 6 S. Ct. 799, 29 L. ed. 962; C. & O. Ry. Co. v. Cockrell, 232 U. S. 146, 34 S. Ct. 278, 58 L. ed. 544; Miner v. C. B. & Q. R. Co. 147 Minn. 21, 179 N. W. 483; Roberts v. C. St. P. M. & O. Ry. Co. 48 Minn. 521, 51 N. W. 478; Id. (C. C.) 45 F. 433; 28 USCA, § 72, notes 325 and 326, p. 499, and note 371, p. 516. It is true that the jurisdiction to be acquired by the federal court depends not upon the decision of the state court but upon a compliance or noncompliance with the law. 28 USCA, § 72, note 373, p. 520. The petition must be verified, and the court will take its statements as true. Wilson v. Republic I. & S. Co. 257 U. S. 92, 42 S. Ct. 35, 66 L. ed. 144.

The application papers in this case showed upon their face that they were legally insufficient because they disclosed to the state court that the only matter involved was a garnishment proceeding. Such a proceeding is not an independent suit. It is an auxiliary proceeding. It is a mode of execution. It is a means to satisfy the judgment out of the debtor's property. 3 Dunnell, Minn. Dig. (2. ed.) § 3949. It is grafted upon the main suit by statute. It is inseparably connected with the judgment. It is an incidental proceeding in comparison with the main suit. If such proceedings were transferred to the federal court we would have the anomalous

situation of that court's engaging in a proceeding to collect a judgment over which it had no jurisdiction. The authorities hold that a garnishment proceeding is not removable. 28 USCA, § 71, note 106, p. 66; Poole v. Thatcherdeft (C. C.) 19 F. 49; Bank v. Turnbull & Co. 16 Wall. 190, 21 L. ed. 296; Brucker v. Georgia Cas. Co. (D. C.) 14 F. (2d) 688.

■ All the authorities speak of the necessity of the petition's showing its legal sufficiency. 28 USCA, § 72, note 372, p. 519, and note 373, p. 520. St. Anthony Falls W. P. Co. v. King W. I. Bridge Co. 23 Minn. 186, 23 Am. R. 682; Scheffer v. National Life Ins. Co. 25 Minn. 534. It would therefore seem that when this necessary showing is absent the application is inoperative to change the jurisdiction, and the state court may still act because the removal proceedings are a nullity. Probably it is the duty of the state court to disregard an insufficient petition and proceed with the suit. 34 Cyc. 1305, and cases cited; Phoenix Ins. Co. v. Pechner, 95 U. S. 183, 24 L. ed. 427; Amory v. Amory, 95 U. S. 186, 24 L. ed. 428. There is nothing unreasonable in requiring the petition to show a definite right before the state court can "proceed no further." But we pass this question without an examination of the many authorities cited in USCA and without expressing an opinion thereon. It is sufficient for us to hold, as we do, that on such removal of a cause, if it afterward appears that the suit was not a proper one for removal and is remanded by the federal court, any act of the state court made in the interval is valid. Yaukaus v. Feltenstein, 244 U. S. 127, 37 S. Ct. 567, 61 L. ed. 1036; Western Indemnity Co. v. Kendall, 27 Ariz. 342, 233 P. 583; Union G. & O. Co. v. Indian-Tex Petroleum Co. 203 Ky. 521, 263 S. W. 1; Roberts v. C. St. P. M. & O. Ry. Co. 48 Minn. 521, 51 N. W. 478; 34 Cyc. 1308.

■ The garnishee did not apply to the court to be relieved of the judgment and be permitted to disclose. It merely appealed therefrom. Possibly the legal questions involved were sufficient to excuse the failure to make a disclosure under the circumstances, but if the garnishee had a meritorious claim of no liability it should have promptly sought an opportunity to disclose the truth. It did

not. It stood on its claimed legal rights. The statute contemplates that the court may relieve a defaulting garnishee. G. S. 1923 (2 Mason, 1927) § 9368.

The special appearance at the time for the garnishee disclosure, like all special appearances, was for a limited purpose only. Haney v. Haney, 163 Minn. 114, 203 N. W. 614; see Longcor v. Atlantic T. C. Co. 122 Minn. 245, 142 N. W. 310. The special appearance was unsuccessful. It was extinguished by our construction of the law. The special appearance was not made general by the consent to adjournment of the return day to a time satisfactory to the garnishee. Longcor v. Atlantic T. C. Co. 122 Minn. 245, 142 N. W. 310. But the validity of the judgment would not be affected by the character of the appearance. The vital thing is that there was no disclosure. All plaintiff seeks is what the garnishee owes the defendant and, if it sees fit to remain silent, the statute provides for judgment by default. The result is that in so far as the opportunity to disclose is concerned the garnishee was in default; and the court had authority to order the judgment which was later entered. It is a valid judgment. Roberts v. C. St. P. M. & O. Ry. Co. 48 Minn. 521, 51 N. W. 478.

Affirmed.