## The Pennsylvania Company, etc., Trustee, v. Olson et al.

*John J. Sullivan*, for plaintiff.
*Joseph S. Conwell*, for garnishee.

SLOANE, J., August 28, 1939.—Plaintiff has judgment against defendants, and has issued an attachment execution summoning New York Life Insurance Company as garnishee. The garnishee has petitioned us to remove the case to the Federal district court for this district. Plaintiff objects to such removal. Should it be done, is therefore the question we have for disposition.

We see no question as to diversity of citizenship or as to the amount in controversy. Geography and mathematics, certainly, in this instance, admit of no dispute.

Plaintiff is here; garnishee is a corporation of the State of New York; the requisite jurisdictional amount is present—so the petition states, and we must act by the petition: Chesapeake & Ohio Ry. Co. v. Cockrell, Admr., 232 U. S. 146, 154.

That we have the right to dispose of the question of removal from the State court to the Federal court is to us also without much doubt. The question is one of law and appears on the record (the petition to remove) : Stone v. South Carolina, 117 U. S. 430; Gulf Refining Co. v. Morgan, 61 F. (2d) 80; Morgan v. Kroger Grocery & Baking Co., 96 F. (2d) 470, 472; Pearson v. Zacher, 177 Minn. 182, 184.

"It [the State court] is charged with the duty of determining whether the record presented to it shows upon its face that the applicant has a right to the removal. It will not yield its jurisdiction until a legally sufficient record has been presented, and it is its duty in every case to examine the petition and bond": Pearson v. Zacher, supra..

"A State court is not bound to surrender its jurisdiction of a suit on a petition for removal until a case has been made which on its face shows that the petitioner has a right to the transfer. *Yulee v. Vose,* 99 U. S. 539, 545; *Removal Cases,* 100 U. S. 457, 474": Stone v. South Carolina, supra, p. 432.

To elaborate the question: Where diversity of citizenship and requisite jurisdictional amount obtain between plaintiff and *garnishee,* can the *garnishee* ask for removal of the cause of action from the State court to the Federal court?

Authority is not at one in the answer. We understand why. Each jurisdiction guides itself by its theory of attachments. Where the proceeding between plaintiff and garnishee is not considered distinct, but is considered as auxiliary or supplemental to the proceeding between plaintiff and defendant, by way of relief to plaintiff, the

right to removal has been denied: Lawley et al. v. Whiteis et al., 24 Fed. Supp. 698; Buford & Co. v. Strother & Conklin, 10 Fed. 406; Brucker v. Georgia Casualty Co., 14 F. (2d) 688; Lahman v. Supernaw et al., 47 F. (2d) 610.

"Where the supplemental proceeding is in its character a mere mode of execution or of relief, inseparably connected with the original judgment or decree, it cannot be removed, notwithstanding the fact that some new controversy or issue between the plaintiff in the original action and a new party may arise out of the proceeding. But where the supplemental proceeding is not merely a mode of execution or relief, but where it, in fact, involves an independent controversy with some new and different party, it may be removed into the federal court . . .": Buford & Co. v. Strother & Conklin, supra, p. 407.

Where the garnishment proceeding is considered a separate or independent proceeding, removal has been allowed: Baker v. Duwamish Mill Co., 149 Fed. 612; Reed v. Bloom, 15 F. Supp. 7. And see for the converse of the rule Tunstall v. Worthington, 24 Fed. Cas. no. 14,239. And of course since Erie R. R. Co. v. Tompkins, 304 U. S. 64, the true nature of the proceedings can only be determined by an examination of the State statutes under which the proceedings are brought and of the State decisions interpreting these statutes.

We must take it then, that the result of the present petition should depend upon the view which our Pennsylvania courts have taken as to the theory and nature of Pennsylvania attachment execution under the Act of June 16, 1836, P. L. 755, sec. 35. The view of our courts is that as against the garnishee the attachment proceeding is a new and independent suit. This has been too frequently enunciated to admit of question.

"An attachment execution, as the form and language of the writ clearly indicate, is of a dual nature. As against the defendant it is of course an execution process, and is necessarily preceded by a judgment which has

liquidated the amount of the indebtedness. But it also contains a clause of summons for the garnishee, and as to the latter it is the beginning of a new proceeding. . . . When thus brought into court it [the garnishee] possessed every right of defense that it would have had to a common-law action brought by the assured directly on the policy": First National Bank of New Bethlehem, for use, v. Maikranz, 44 Pa. Superior Ct. 225, 227.

"An attachment execution may be, in fact, an execution against the defendant therein; but as to the garnishee, it is a suit. . . . As to the garnishee, the attachment execution is an original process—a summons commanding it to appear and show cause, if any it has, why judgment in favor of the plaintiff should not be levied of the goods and effects of the defendants in its hands": Koenig v. Curran's Restaurant & Baking Co. et al., 121 Pa. Superior Ct. 201, 207.

"The service of an attachment execution has the effect of an equitable assignment of the thing attached. It puts the garnishee in the relation to the attaching creditor which he had sustained to his former creditor": Roig v. Tim, 103 Pa. 115, 117. See also Kennedy v. Agricultural Ins. Co., etc., 165 Pa. 179, 183, Aarons v. Public Service B. & L. Assn. et al., 318 Pa. 113, 118, and Joseph Melnick B. & L. Assn. v. Melnick et al., 318 Pa. 120, 122.

As interpreted in our decisions then, the nature of an attachment sur judgment proceeding is, as against the garnishee, an independent suit. This being so, both authority and common sense require that the nonresident garnishee should have the same right of removal to the Federal court as it would have had if the assured, instead of the assured's judgment creditor, had instituted action on the policy. As was stated in Reed v. Bloom, supra, p. 8:

"It is admitted that, had the plaintiff brought an original action against the garnishee on the insurance policy, such action would have been removable from the State court to Federal court. Clearly the only advantage that the plaintiff secured by virtue of his judgment against

Bloom [the defendant] in the State court, insofar as the garnishee in this action is concerned, was the right to be substituted for Bloom [the defendant] as the beneficiary under the indemnity policy."

An issue has been raised and is to be litigated between citizens of different States. As to at least one of the litigants, this litigation constitutes a new action.

The petition of that litigant, the garnishee, for removal of the cause to the Federal court is granted.